ORANGE BELT PACKING CO., *et al.,* v. INTERNATIONAL AG- RICULTURAL CORP.

150 So. 264.
Opinion Filed September 22, 1933.

*P. C. Gorman,* for Plaintiffs in Error;

*Milam, McIlvaine & Milam* and *Duncan, Hamlin & Duncan,* for Defendant in Error.

DAVIS, C. J.—Final judgment at law was recovered by International Agricultural Corporation, as Plaintiff, against Orange Belt Packing Company, a corporation, C. A. Vaughn and F. W. Hannum, as defendants. The amount of such judgment was $12,210.54 with costs. By an order entered *nunc pro tunc* as of April 15, 1933, the final judgment of November 7, 1932, was amended so as to provide that C. A. Vaughn and F. W. Hannum should only be liable on the judgment as endorsers upon the promissory note for the amount of which judgment had been rendered against Orange Belt Packing Company as principal.

Execution was issued on the judgment on November 14, 1932. On December 13, 1932, supplemental proceedings under the statute (Sections 4540-4549 C. G. L., Chapter 7842, Acts of 1919) were instituted by the plaintiff in execution and on that same date an order for supplementary examination of Fisher W. Hannum was entered by the court, the execution having been returned *"nulla bona"* as to the defendant, F. W. Hannum.

On March 14, 1933, after due hearing, the circuit court entered its order to the effect that certain properties of the defendant, F. W. Hannum, should be applied to the satisfaction of the judgment against him.

On April 21, 1933, pursuant to a *praecipe* for writ of error filed in the name of all the judgment defendants, a single writ of error, following the request contained in the *praecipe* therefor, was issued in the form following:

"STATE OF FLORIDA—SS.

"THE STATE OF FLORIDA TO THE JUDGES OF THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, GREETING: Because in the record and proceedings and also in the rendition of the Final Judgment in this cause under date of November 7, A. D. 1932, and recorded in Circuit Court Minute Book 51, page 135 of the records of said Court, and the Decree in Supplementary Proceedings to Execution, dated March 14, A. D. 1933, and recorded in Circuit Court Minute Book 53, page 40, of the records of said Court, and the Judgment and Decree rendered in this cause dated March 15, A. D. 1933, and recorded in Circuit Court Minute Book 53, page 43, of the records of said Court, and the Order Amending Judgment *Nunc Pro Tunc,* dated April 15, A. D. 1933, and recorded in Circuit Court Minute Book 53, page 171 of the records of said Court, in a certain cause which is in our said Circuit Court before you, between International Agricultural Corporation, a corporation, as plaintiff, and Orange Belt Packing Co., a corporation, C. A. Vaughn, and F. W. Hannum, as defendants, manifest error hath happened, as it is said, to the great damage of the said Orange Belt Packing Co., a corporation, C. A. Vaughn, and F. W. Hannum, as by their complaint appears,

"We willing that the errors, if any hath been, should be duly corrected and full and speedy justice done to the said parties aforesaid in this behalf, do command you that, if judgment be therein rendered, you distinctly and openly send the record and proceedings aforesaid with all things touching them, under your seal, together with this writ, to our Supreme Court of the State of Florida, so that you have the same at Tallahassee on the 6th day of June, A. D. 1933, in our said Supreme Court to be then and there held, that

inspecting the record and proceedings aforesaid, our said Supreme Court may cause further to be done therein, to correct that error, what of right and according to law should be done.

"WITNESS the Honorable FRED H. DAVIS, (Circuit Court Chief Justice of the Supreme Court, and Seal) the seal of the said Circuit Court, this the 21st day of April, A. D. 1933.

"ELLIOTT W. BUTTS,
*"Clerk of the Circuit Court of Duval County Florida.*
"By L. W. THOMAS,
*"Deputy Clerk."*

A number of motions to dismiss this writ of error have been filed by the interested parties, and the case is now before us for a ruling on the motions to dismiss.

An examination of the transcript has convinced us that regardless of the validity of the grounds the motions themselves present, that the Court must of its own motion dismiss the writ of error because it is directed not only to the final judgment rendered in the principal suit, but also to the final judgment rendered against only one of the defendants jointly with an outside party (defendant Hannum's wife) in the independent proceedings supplementary to execution that were instituted by judgment plaintiff after execution on the final judgment had been returned *"nulla bona"* as to the defendant Hannum.

A proceeding supplementary to execution, brought under our statute (Chapter 7842, Acts of 1919, Sections 4540-4549 C. G. L. ) is, in legal contemplation, an entirely separate legal cause from the main suit in which the judgment supporting the execution involved was rendered. First Natl. Bank of Miami v. Bebinger, 99 Fla. 1290, 128 Sou. Rep. 862; Sebring Co. v. O'Rourke, 101 Fla. 885, 134

Sou. Rep. 556, h. n. 10; Reese v. Baker, 98 Fla. 52, 123 Sou. Rep. 3. It is well settled that separate causes cannot, as a general rule, be brought up by a single writ of error. 2 R. C. L. 103-104.

Where a proceeding with reference to an original action at law is a distinct proceeding in itself, and collateral to the main action at law and judgment rendered therein, a final order or judgment disposing of such separate proceeding is considered a final one as to such separate matter or proceeding, and one that may itself be the subject of a distinct writ of error to have it reviewed as a final judgment in such separate proceeding. See Hirsch v. Scott, 87 Fla. 336, 100 Sou. Rep. 157.

Where the transcript of the record shows the issuance of but one writ of error to review two separate and distinct final judgments at law, one a final judgment rendered in the main suit, and one a final judgment arising from a final order in a collateral proceeding connected with or occurring as supplementary to the main suit, the writ of error will be dismissed by the appellate court *ex proprio motu.* Melbourne State Bank v. Gillette, 101 Fla. 235, 134 Sou. Rep. 46.

The primary object of a writ of error is not to try the issues between the parties, but rather to try the final judgment at law rendered by the court below, so as to test such judgment by the law. McKinnon v. Lewis, 60 Fla. 125, 53 Sou. Rep. 940. Writ of error is merely the instrument to bring up the record in aid of exercise of an appellate or revisory power or jurisdiction which is conferred, not by the writ, but by the law. Palmer v. Johnson Const. Co., 97 Fla. 479, 121 Sou. Rep. 466. Under our statute a writ of error is authorized only to the final judgment (or order granting a new trial) and not jointly to the final judgment

and some other final and appealable order arising out of the same suit, but collateral thereto.

Writ of error dismissed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.