SHANNON, Judge.
Appellees have moved to dismiss this appeal. The motion is based on the question of whether the two judgments against the appellant rendered in favor of the appellees, husband and wife, and based on a single complaint and single trial, may be brought before this court on appeal by a single notice of appeal. In the instant case there is only one complaint involved and both appellees’ claims arose out of exactly the same facts, those surrounding Mrs. Landahl’s fall on appellant’s premises. The pleadings and conduct of the case generally give no indication that separate and distinct causes were being tried, but one cause with damages accruing to each of the appellees, husband and wife, and their separate verdicts and judgments were, in effect, simply allocations of these damages to the appellees as the jury felt they were respectively entitled. It is not contended that the appellees were not sufficiently apprised of appellant’s intention to appeal. In such a case the general rule, that one appeal will not bring up separate judgments for review, should not prevail. In 4A C.J.S. Appeal and Error, § 593(5) the following language is found:
“One notice of appeal may be sufficient in a single action, even though there is a separate judgment in favor of each defendant, since, so far as appellant is concerned, there is only one judgment, although it may consist of separate parts; and but one notice is necessary where several suits have been consolidated, although several judgments were entered under separate titles, unless the consolidation was merely for the purpose of trial and the actions remain separate and distinct.”
While appellees have cited us a Florida case following the general rule, Orange Belt Packing Co. v. International Agricultural Corp., 1933, 112 Fla. 99, 150 So. 264, that case was quite different, involving separate judgments obtained in separate actions, with even different parties joined. In that situation the courts have uniformly refused to review the separate judgments under a single notice of appeal or writ of error. However, in a variety of other situations they have allowed such appeals, 36 A. L.R.2d 823.
The view taken in First National Bank of Union v. White Pine Lumber Co., 1919, 94 Or. 318, 181 P. 990, 186 P. 41, seems both reasonable and applicable to the instant case. It was therein held:
“We are of the opinion that the motion to dismiss in the Wright case is not well taken. There seems to have been a virtual, if not a formal, consolidation of the cases for trial.
“(1) It is very plain from the notice, that Wright intends to appeal and does appeal from both decrees, and indeed each decree is separately and fully described. It is impossible that the adverse party should have been in any way misled. Perhaps it might have been more appropriate to have served an entirely distinct and separate notice in each case; but we cannot say, under the circumstances and conditions of the record, that the notice was fatally defective as to either one. Certainly it would not be defective as to both, and it would be impossible to distinguish and say that it would be defective in one and not in the other.
*751 “It is urged that the effect of this duplicate appeal would be to save a filing fee in one case or the other. Whether or not this is true, we do not think it would justify us in dismissing an appeal, where the notice sufficiently describes each of the decrees, and fully notifies the adverse parties that it is the intention to appeal from each of them.”
And to demonstrate that the Florida Supreme Court has not inflexibly followed the general rule in the past, it is only necessary to cite Stewart v. Codrington, 1908, 55 Fla. 327, 45 So. 809, 813, wherein the plaintiff was allowed to bring two separate judgments in favor of several defendants up for review on a single writ of error. In that case the point was not raised until a petition for rehearing was filed, so the actual holding only had to go as far as determining that there was no jurisdictional defect in bringing the single writ. However, the following language in the opinion intimates that even if the question had been timely raised the court might not have dismissed the appeal:
“In the instant case the two judgments disposed of the whole case of the plaintiff in his joint suit against the defendants. The effect of the tzvo judgments was single as to him. As no direct attack was made on the writ of error, we are not disposed to regard the question presented as jurisdictional, but at most, an irregularity which has been waived.” (Emphasis added).
In the absence of any case in Florida directly in point, we have come to the conclusion that in a case such as the present one, husband and wife joined together under Fla.Stat. 46.09 F.S.A., for a tort occurring to the wife, resulting in one trial, that only one notice of an appeal is essential.
The motion to dismiss is denied.
ALLEN, Acting Chief Judge, and REGISTER, DON, Associate Judge, concur.