SHANNON, Judge.
The appellee has filed two motions to dismiss in this case, but for the purpose of this opinion it will only be necessary to discuss the first; namely, whether the two judgments rendered below may be brought before this court by a single notice of appeal.
This case involves one suit brought by the appellant individually and another suit brought by him as administrator of the estate of Kathryn L. Borland, a minor. The two suits growing out of the same accident were consolidated for the purpose of jury trial only. Other than this, the cases were separate and distinct in all stages of the proceedings below. Verdicts and judgments were rendered in the two cases for the appellee. The appellant then filed a single notice of appeal to review both cases.
In the case of North American Co. v. Landahl, Fla.App.1958, 107 So.2d 749, decided by this court, we -held that in an appeal from judgments in a tort action instituted by a husband and wife in conformity with § 46.09 Fla.Stat., F.S.A., only one notice of appeal was necessary. In that case, however, there was only one complaint involved. Although there were two verdicts we held that the separate verdicts and judgments in that case were, in effect, simply allocations of the damages to the husband and wife. In the present case there were two complaints filed, and they were, for the convenience of the lower court and the parties, consolidated for trial. There were two verdicts and two judgments.
From a reviejv of the pertinent cases and authorities, we conclude that - where two causes are consolidated only for convenience at trial, one notice of appeal is- *45 insufficient to review two judgments. In 4A C.J.S. Appeal and Error § 593(5), this rule is stated as follows:
“ * * * [A]nd but one notice is necessary where several suits have been consolidated, although several judgments were entered under separate titles, unless the consolidation was merely for the purpose of trial and the actions remain separate and distinct.” (Emphasis added.)
The general rule is stated in Orange Belt Packing Co. v. International Agricultural Corp., 1933, 112 Fla. 99, 150 So. 264. See also the annotation in 36 A.L.R.2d 823, and cases cited therein.
The motion to dismiss is granted.
KANNER, Acting C. J., and LOVE, WILLIAM K., Associate Judge, concur.