166 So.2d 837 (1964)
Anna VANDER CAR and Lillian Caudle, Appellants,
v.
James Edward PITTS, Appellee.
No. 4664.
District Court of Appeal of Florida. Second District.
August 26, 1964.
*838 Gale K. Greene and Maurice F. Sprinz, of Gale K. Greene, Sarasota, for appellants.
John J. O'Riorden, of Dart, Bell & Dickinson, Sarasota, for appellee.
ANDREWS, Judge.
This is an appeal from a judgment for the defendant after a trial and verdict on the issue of liability arising as the result of an automobile accident.
From the record it appears that Circuit Court Case No. 5745 was brought by Anna Vander Car and Lillian Caudle against James Edward Pitts. Lillian Caudle was dropped as a plaintiff. Lillian Caudle then filed a separate action against James Edward Pitts, which was assigned Circuit Court Case No. 5872. The two cases were consolidated for trial and the jury found for the defendant in one verdict. Final judgment was entered on September 3, 1963 in Case No. 5745, and recorded in Official Records Book 440, page 110. Separate final judgment was entered in Case No. 5872 on the same day and recorded in Official Records Book 440, page 111.
The Notice of Appeal, though captioned for both cases, recites the judgment appealed from to be the judgment recorded in Official Records Book 440, page 110, *839 which is the judgment entered in Circuit Court Case No. 5745.
This court has held that separate Notices of Appeal are necessary to appeal judgments rendered in separate cases even though such causes were consolidated for trial. Borland v. South Patrick Utility Corp., Fla.App. 1960, 122 So.2d 44.
We, therefore, dismiss the appeal of Lillian Caudle v. James Edward Pitts in Circuit Court Case No. 5872, and proceed to consider the appeal of Anna Vander Car v. James Edward Pitts from the judgment entered in Circuit Court Case No. 5745.
After the selection of the jury, the defendant moved for a separate trial on the issue of liability, which was granted. The trial resulted in a verdict for the defendant, and the plaintiff appeals on two grounds; first, that the court erred in granting the defendant's motion for a separate trial on the issue of liability after the jury had been selected; and second, the attempt by the attorney for the defendant to have an investigating officer testify to the fact that the accident report suggested that the plaintiff's husband, the driver of the car, should be required to have a recheck of his vision in connection with the renewal of his driver's license. The questions were objected to by the plaintiffs' attorney, and the objections were sustained by the court.
Florida Civil Procedure Rule 1.20(b), which became effective July 1, 1962, 30 F.S.A., authorizes the court to grant separate trials on separate issues, as was done in this case. Said rule is substantially the same as Federal Rule of Civil Procedure 42(b).
Under the Federal Rule it has been held that the matter of separation of the issues to be tried rests in the discretion of the trial judge. 5 Moore, Federal Practice Section 42.03, at 1211 (2d ed. 1951). Nevertheless, a single trial generally tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trial should not be ordered unless such disposition is clearly necessary, and then only in the furtherance of justice. Bowen v. Manuel, Fla. App. 1962, 144 So.2d 341. Anticipating the trial of all issues to the same jury, the court should permit the jury to be interrogated and qualified concerning liability as well as damages. O'Donnell v. Watson Bros. Transportation Company, Inc., D.C.N.D.Ill. 1960, 183 F. Supp. 577.
The U.S. District Court for the Northern District of Illinois has adopted a rule as authorized by Federal Rules of Civil Procedure 83, which clearly sets forth the procedure that should be followed in such situation, O'Donnell v. Watson Bros. Transportation Company, Inc., supra. Judge Julius H. Miner has also ably discussed the rule and the reasons therefor in 59 A.B.A.J. 1265 (1959) in an article entitled "Court Congestion: A New Approach."
A study of the record in this case discloses a proper exercise of discretion by the trial judge.
On the other question on appeal, the attempt of the defendant to have the investigating officer testify as to the vision of the plaintiff's husband, who was driving the car, it appears that the court properly prevented the officer from testifying on this subject, and the plaintiff was not prejudiced thereby.
The judgment in Circuit Court Case No. 5745 must be
Affirmed.
SMITH, C.J., and ALLEN, J., concur.