SHANNON, Judge.
The plaintiffs, a married couple, brought suit against the defendant for assault and battery. The plaintiffs filed one complaint which contained two counts. The first count set out severe injuries sustained by the husband, and the second count set out less serious injuries sustained by the wife when she was pushed by the defendant, after attempting to help her husband. There were two distinct causes of action, neither claim being of a derivative nature. There was one trial, the jury returned two verdicts, one in favor of each plaintiff, and two judgments were entered, one in favor of each plaintiff. The defendant filed one notice of appeal which names each judgment and states where each is recorded. The plaintiffs have filed a motion to dismiss on the grounds that one notice of appeal is insufficient to appeal two separate judgments.
In Orange Belt Packing Co. v. International Agricultural Corp., 1933, 112 Fla. 99, 150 So. 264, our Supreme Court set out the general rule that separate notices of appeal are necessary to review separate judgments. See also Vander Car v. Pitts, Fla.App.1964, 166 So.2d 837, and Borland v. South Patrick Utility Corp., Fla.App. 1960, 122 So.2d 44.
In support of his contention that one notice of appeal is sufficient the appellant cites North American Company v. Landahl, Fla.App.1958, 107 So.2d 749, in which a husband and wife joined together under Fla. Stat., Sec. 46.09, F.S.A., in suing for physical injuries sustained by the wife. The jury returned two verdicts and separate judgments were entered. It was held that one notice of appeal was sufficient because the separate verdicts and judgments were simply allocations of damages to the husband and wife.
*41 The case on review is distinguishable, however, in that the husband and wife were suing for injuries caused to each of them individually and separately, whereas, in the Landahl case, supra, the husband’s claim was of a derivative nature. In the case at bar, although there was one complaint and one trial, there were two distinct causes of action. One notice of appeal is not sufficient to obtain review of these two judgments.
Having come to this conclusion we are now presented with the following question: Should both attempted appeals be dismissed or should the appellant be permitted to pursue one of'them?
The notice of appeal contains all of the requisite components for an appeal of either case individually. The fact that a notice of appeal contains surplus verbiage does not make it insufficient, thus we are not inclined to dismiss the appeal as it relates to both judgments. In Rocklin v. State, Fla. 1952, 61 So.2d 484, a defendant filed one notice of appeal which was addressed to six different cases in which he was convicted. The Court ordered that the defendant would have thirty days to amend the notice of appeal by eliminating five of the six cases, thus enabling him to pursue one of the appeals. The Court stated that if the notice of appeal were not so amended, all the purported appeals would be dismissed. The principle of this case was also applied in Simring v. State, Fla.1955, 77 So.2d 833.
Although these were criminal cases we see no reason why this same procedure should not be available to a single appellant in a civil case. In the Orange Belt Packing Co. and Borland cases, supra, the appellants were not given the opportunity to elect to pursue one of the purported appeals. However, in each of those cases there was more than one appellant and it would not have been feasible to have an election. In addition the question of an election was not discussed. In Vander Car, supra, although there were two appellants, the effect of the court’s decision was that there was an appeal from only one judgment because the body of the notice of appeal recited an appeal from only one although the notice was captioned in both cases. Here, again, the question of an election was not discussed. In Rocklin and Simring, supra, as in the case on review, there was only one appellant, and so an election did not present the problem that exists when there is more than one appellant.
It is ordered that the appellant has thirty days to amend his notice of appeal so that it is addressed to only one of the judgments. Failure to do so will result in both purported appeals being dismissed.
SMITH, C. J., and WHITE, J., concur.