SMITH, Chief Judge.
Each of the three plamtiffs-appellees moves to dismiss on the grounds (1) that the notice of appeal filed by the defendant-appellant allegedly fails to identify them by name and designation as required by Florida Appellate Rule 3.2(c), 31 F.S.A., and (2) that the defendant seeks review of three separate judgments by a single notice of appeal.
The plaintiffs, each having separate and distinct causes of action for fraud, among others, against the defendant-appellant, brought two separate actions in the court below. The defendant did not object to the joinder of two of the causes in one action or request a seyerance. By stipulation he agreed to have that action and a second action, in which he had not yet been joined as a defendant, consolidated for purposes of trial. The stipulation and order of consolidation bore the separate style or *462 caption and docket number of each action. Thereafter, the appellees jointly filed a second amended complaint in which they stated their respective claims as separate counts in a single pleading under a single or combined caption or style bearing both docket numbers. The defendant answered in one instrument bearing a similar style or caption. Following a joint trial without a jury the court signed and filed a single instrument called “final judgment” which bore the separate styles or captions and docket numbers of the two actions. In three separate paragraphs this instrument awarded each plaintiff a judgment against the defendant. The two plaintiffs who joined originally were awarded $3,786.25 each plus costs and the third plaintiff $7,572.50 plus costs. Apparently, the signed original “final judgment” was filed in the action instituted by the two plaintiffs jointly and a true but unsigned copy was filed in the action brought by the third plaintiff. The clerk’s certificate on each recites that it was recorded in “MINUTES COURT OF RECORD 94 page 163, 164. Record Verified.” Following the denial of his motion or motions[1] for new trial, the defendant filed a single notice of appeal, bearing the same caption or style as the final judgment. The notice refers to the “final judgment * * * entered in the above styled consolidated cases” and the “order denying the Motion for New Trial in the said cause. * * * ” It calls upon “all parties to the said cause” to take notice of the appeal.
Florida Appellate Rule 3.2(c) provides that the notice of appeal “may be in the form approved by the Court” and shall state, among other things, “the name and designation of the opposing party, whether plaintiff or defendant * * *.” Rule 7.2 (a) approves a form in which the opposing party is named and designated only in the caption or style. The notice before us states the names and designations of the appellees in the caption or style and therefore fully complies with the rules.
Although the cases were formally consolidated only for the purpose of trial, the appellees treated them as consolidated for all purposes by joining their claims in a single amended pleading. The trial judge formally adjudicated the appellees’ separate claims by signing and filing a single instrument called a final judgment which the clerk recorded as a single entry on the minutes. It does not appear that any of the appellees or any third parties are inconvenienced, much less prejudiced, by the form of the judgment or entry or by the use of a single notice of appeal. No application has been made to the court below or to this court for relief under Rule 1.38(a) of the Florida Rules of Civil Procedure, 30 F.S.A., which authorizes correction of clerical mistakes in judgments or errors therein arising from oversight or omission.
The cases cited by the appellees are distinguishable in that all involved separate and distinct final judgments. Orange Belt Packing Co. v. International Agricultural Corporation, 1933, 112 Fla. 99, 150 So. 264; Borland v. South Patrick Utility Corp., Fla.App.1960, 122 So.2d 44; Vander Car v. Pitts, Fla.App.1964, 166 So.2d 837; Dye v. Reichard, Fla.App.1964, 169 So.2d 39. This court declined to dismiss a defendant’s appeal even though separate and distinct judgments were sought to be reviewed by a single notice of appeal in North American Company v. Landahl, Fla.App.1958, 107 So.2d 749. The judgments in that case were based on a single complaint and a single trial and the pleadings and conduct of the case gave the defendant-appellant “no indication that separate and distinct causes were being tried * *
The appellees’ contention that separate notices of appeal should always be required to review separate causes of action is contrary to our holding in the North American *463 Company case, supra. The present case does not convince us that we should limit our holding in the North American case to its peculiar facts.[2] Where, as here, the separate causes are joined in a single pleading, are tried jointly and are disposed of by a single final judgment with the tacit approval of all parties, a single notice of appeal is sufficient to give this court jurisdiction to review all such causes.[3] Cf. Stewart v. Codrington, 1908, 55 Fla. 327, 338, 45 So. 809, 813. The appellees’ motions accordingly are denied.
ALLEN and WHITE, JJ., concur.

. The record before us does not disclose whether separate motions and orders were filed in each case.

. That ease involved a joint action by husband and wife under Fla.Stat. 46.09, F.S.A. for a tort committed on the wife.

. We need not and do not determine whether the form or entry of the judgment below was technically correct, nor what result would obtain if the appel-lees and the court below had maintained sufficient or adequate distinction between the. various causes.