DREW, Chief Justice.
This case is here upon the suggestion of Russel Reichard and Marjorie Reichard for writ of prohibition against the honorable judges of the District Court of Appeal of the Second District.
The litigation originated in the Circuit Court of Broward County when Russel Reichard and Marjorie Reichard, his wife, *341 instituted an action against Paul Dye each ■claiming damages for assault and battery. The complaint contained two counts, one for injury to the husband, the other for injury to the wife. There was one trial but two verdicts were returned, one in favor ■of each plaintiff, and two judgments were •entered. No derivative claim was involved. The defendant then filed a single notice •of appeal from both judgments whereupon the successful plaintiff filed a motion to •dismiss.
The District Court of Appeal denied the motion, see opinion recorded in Dye v. Reichard, 169 So.2d 39, but did so conditionally. The court stated first that one notice of appeal is not sufficient to obtain review of these two judgments and then :gave the appellant thirty days to amend his notice of appeal so that it is addressed to •only one of the judgments. Failure to amend would result in dismissal.
We do not agree with the decision of the District Court of Appeal. This Court in Seaboard Air Line Railroad Co. v. Holt, 1955, 80 So.2d 354, said:
"We hold that if the notice of appeal gives to an adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in rthe record with a reasonable degree of •certainty, its purpose is accomplished :and it should be held sufficient to withstand a motion to dismiss predicated upon failure strictly to comply with the •prescribed form.”
The Court then looked at the record, in 'Seaboard, and finding only one appealable •order, the final judgment, concluded that a notice directed to “the final judgment entered in this action in favor of Henry M. Holt” was sufficient even though it did not give the date and book and page number.
In the case a-t bar the notice was directed to two “final judgments” but an inspection of the record makes clear that the trial court had granted a new trial as to one of the judgments (the one in favor of Marjorie Reichard) unless within ten days thereafter plaintiff should file a remittitur in the sum of $4000. This, the record shows, was not done — thereby rendering this judgment nugatory.[1]
Clearly these facts bring the notice filed within the doctrine of Seaboard and within the rule of construction that statutes giving a right of appeal should be liberally construed in the interest of manifest justice.[2]
Where a notice of appeal specifies two judgments, one appealable, and one not, it has been held by the Third District[3] that this does not affect the validity of the notice: The specification of the non-appeal-able order is held to be surplusage and is disregarded. Under a liberal construction of the appeal statutes, this would seem to be the only tenable result.
Even if the two judgments specified in the notice of appeal were both appealable orders as the District Court assumed, the court would have jurisdiction under the notice filed. The three cases relied on by the District Court for its holding that one notice could not bring up the two judgments are clearly distinguishable on their facts. Orange Belt Packing Co. v. International Agricultural Corp., 1933, 112 Fla. 99, 150 So. 264, concerned judgments entered in two separate proceedings, suit on a note and supplementary proceeding after execution as to one of the endorsers. Vander Car v. Pitts (Fla.App. 2nd District 1964) 166 So. 2d 837, involved separate cases instituted by two plaintiffs against the same defendant and consolidated for trial. Two judgments were entered for the defendant. An appeal
*342 notice was filed, captioned for the two cases, but only the judgment in one case was recited. Borland v. South Patrick Utility Corp. (Fla.App. 2nd District 1960) 122 So.2d 44, involved the filing of two complaints and their subsequent consolidation for convenience in trial. The court approved this rule stated in 4A C.J.S. Appeal and Error § 593(5) :
“ '* * * [a]nd but one notice is necessary where several suits have been consolidated, although several judgments were entered under separate titles, unless the consolidation was merely for the purpose of trial and the actions remain separate and distinct.’ (Emphasis added.)”
and then held that its case came under the exception.
In this case the plaintiffs filed only one complaint with two counts. There was no consolidation for any purpose since none was necessary. Under these facts, the doctrine of Drummond Blow Title Corp. v. Blatnick (Fla.App. 3rd District 1963) 157 So.2d 711, should be applied. The court there denied the applicability of Orange Belt Packing Co. and Borland, supra, saying:
“Those authorities are not applicable and controlling here. In this instance only one case was involved and the two judgments were entered in the same case. * * * Assuming, without so deciding, that both were appealable, it was proper to include the two judgments in a single notice of appeal since they were entered in the one case in the trial court.”
North American Co. v. Landahl (Fla.App. 2d District, 1958) 107 So.2d 749, reached the same result. The court stated:
“The view taken in First National Bank of Union v. White Pine Lumber Co., 1919, 94 Or. 318, 181 P. 990, 186 P. 41, seems both reasonable and applicable to the instant case. It was therein held:
“ 'We are of the opinion that the motion to dismiss in the Wright case is not well taken. There seems to have been a virtual, if not formal, consolidation of the cases for trial.
“'(1) It is very plain from the notice, that Wright intends to appeal and does appeal from both decrees, and indeed each decree is separately and fully described. It is impossible that the adverse party should have been in any way misled. * * * ’
“And to demonstrate that the Florida Supreme Court has not inflexibly followed the general rule in the past, it is only necessary to cite Stewart v. Cod-rington, 1908, 55 Fla. 327, 45 So. 809, 813, wherein the plaintiff was allowed to bring two separate judgments in-favor of several defendants up for review on a single writ of error. In that case the point was not raised until a. petition for rehearing was filed, so the actual holding only had to go as far as determining that there was no jurisdictional defect in bringing the single-writ. I-Iowever, the following language in the opinion intimates that even if the question had been timely-raised the court might not have dismissed the appeal:
“ 'In the instant case the two judgments disposed of 4he whole case of the plaintiff in his joint suit against the defendants. The effect of the-two judgments was single as to him.. As no direct attack was made on the writ of error, we are not disposed to regard the question presented as jurisdictional, but at most, an irregularity which has been waived.’' (Emphasis added).”
An analogous Louisiana case, Vienne v. Chalona[4] raises another point supporting *343 :the right to appeal both judgments by a -single notice of appeal. Two sisters, who -were driver and passenger, respectively, in • a car struck by the defendant, brought a single suit for their damages. The jury brought in separate verdicts and separate judgments were entered. The plaintiffs .-appealed on the grounds of insufficiency of ■the verdicts and filed a single notice of ap-peal. Defendants complained that there .-should have been two notices. The Su-preme Court upheld the notice and, on re-'hcaring, said:
“It is contended in the petition for a rehearing that each of the plaintiffs had a separate and independent cause ■of action. It is true that each plaintiff had a separate and independent right of action, which she might have refrained from asserting, without af-fecting the right of the other plaintiff to assert her right of action. We con- • elude therefore that our statement that there was only one cause'of action is 'true only in the sense that only one accident gave the right of action to both of the plaintiffs. There was a ■ difference in their causes of action in that the cause of action of one of them -might have been subject to defenses not applicable to the cause of action of -the other plaintiff. The importance of -that, however, passed out of the case ■when the defendants failed to plead -that there was a misjoinder- — if in law -there was a misjoinder — of parties -plaintiff. It is sufficient to say now, for the purpose of passing upon the motion to dismiss the appeal, that there was only one lawsuit, — and that the defendants long ago waived whatever right they might have had to require two separate law suits.”
The rule nisi is discharged and the District Court of Appeal, Second District, is directed to proceed with the disposition of this cause in accordance with this opinion.
It is so ordered.
ROBERTS, THORNAL, O’CONNELL and ERVIN, JJ., concur.
THOMAS, J., dissents with opinion.
CALDWELL, J., dissents and concurs in dissenting opinion of THOMAS, J.

. See Means v. Douglas, Fla.App. 1st Dist.1959, 110 So.2d 88.

. State ex rel. Dedmon v. Carroll, 1963, Fla., 151 So.2d 5; Rabinovitz v. Houk, 1930, 100 Fla. 44, 129 So. 501; Seaboard Air Line Railroad Co. v. Holt, supra.

.Preston v. Grant Advertising, Inc. (Fla. App. 3rd District 1964) 166 So.2d 219.

. On rehearing, 1943, 203 La. 450, 14 So. 2d- 54. See also, in accord, Security Ins. Co. v. Couvillion (La.App.1944) 16 So. 2d 262.