295 So.2d 684 (1974)
R. Diane BURLINGHAM, Appellant,
v.
Patricia Gilmer ALLEN, Also Known As Patricia Ann Gilmer, et al., Appellees.
No. V-60.
District Court of Appeal of Florida, First District.
June 11, 1974.
*685 Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for appellant.
Natalie Baskin, Miami, and Alfred A. Green, Jr., Daytona Beach, for appellees.

ON MOTION TO DISMISS
BOYER, Acting Chief Judge.
We consider here the propriety of appealing two separate judgments entered in a single case by the filing of a single notice of appeal.
A suit was commenced in the Circuit Court of Volusia County wherein R. Diane Burlingham was plaintiff and various persons were defendants. The complaint charged the co-defendants with conspiracy to maliciously prosecute, conspiracy for abuse of process and malicious conspiracy. A summary judgment was entered in favor of the defendant Milton E. Grusmark on December 5, 1973, same having been recorded on December 18, 1973 in the official records of said county. On December 21, 1973 a summary judgment was entered, filed and recorded in the official records of said county in favor of defendant Matthew L. Gold. On January 16, 1974 the plaintiff filed a single notice of appeal reciting that appeal was being taken and entered to review the two judgments above mentioned.
Appellee, Milton E. Grusmark, has filed herein a motion to dismiss the appeal on the ground that the appellant is seeking to have this Court review two separate judgments by way of a single notice of appeal.
The general rule is that separate notices of appeal are necessary to review separate judgments. (See Orange Belt Packing Co. v. International Agr. Corp., 1933, 112 Fla. 99, 150 So. 264; Vander Car v. Pitts, Fla.App.2d 1964, 166 So.2d 837; Borland v. South Patrick Utility Corp., Fla.App.2d 1960, 122 So.2d 44; Dye v. Reichard, Fla.App.2d 1964, 169 So.2d 39.) Accordingly, a notice of appeal seeking to have reviewed two separate and distinct judgments is defective, but the defect is not jurisdictional. (Stewart v. Codrington, 1908, 55 Fla. 327, 45 So. 809; Dye v. Reichard, supra)
Rule 3.2, subd. c FAR, 32 F.S.A. provides in material part as follows:
"Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies."
*686 The motion to dismiss the appeal does not allege that the appellee was either misled or prejudiced.
The notice of appeal contained all of the requisite components for an appeal of either judgment. Inasmuch as the appellant has invoked our jurisdiction as to both judgments, though defectively, we see no fairness in favoring one appellee as opposed to the other. It is obvious that appellant intended to appeal from both judgments. Indeed each judgment is separately and fully described. Certainly the notice was not defective as to both and it is impossible to distinguish and say that it is defective as to one judgment and not the other. If we have jurisdiction of one then we have jurisdiction of both. We accordingly elect not to follow the procedure selected our sister court of the Second District in Dye v. Reichard, supra, wherein the appellant, in circumstances similar to those sub judice, was required to make an election as to which judgment he would pursue on appeal, dismissing the other.
Accordingly, the appellant has 30 days from the date hereof within which to file amended notices of appeal, a separate notice for each judgment appealed, and within which to deposit with the clerk of the lower court the balance of the filing fees as required by Rule 3.2, subd. d FAR. Failure so to do will result in dismissal of this proceeding. In the event appellant elects to comply herewith by filing the amended notices of appeal and paying the balance of the filing fees then the Clerk of this Court is directed to file in this proceeding the amended notice of appeal as to appellee Milton E. Grusmark and to thereupon open another file for the appeal wherein Matthew L. Gold is appellee. Unless hereafter consolidated by order of the Court, in accordance with Rule 2.2, subd. a(2)(a) FAR, the two cases shall thereafter proceed as two separate and distinct appeals.
We have not overlooked North American Company v. Landahl, Fla.App.2d 1958, 107 So.2d 749 wherein a single notice of appeal was held to have been sufficient for review of two separate judgments in a case in which a husband and wife were joined together in a suit for physical injuries sustained by the wife, the husband's claim being derivative. The jury returned two verdicts and separate judgments were entered. It was held in that case that one notice of appeal was sufficient because the separate verdicts and judgments were merely allocations of damages as between the husband and the wife. We here consider no such set of circumstances.
It is so ordered.
JOHNSON and McCORD, JJ., concur.