349 So.2d 170 (1977)
MILAR GALLERIES, INC., a Florida Corporation, Bertha Weisberg, Julius Weisberg, Frank J. Denaro, Harriette C. Denaro, Petitioners,
v.
Sonia MILLER, Respondent.
No. 49903.
Supreme Court of Florida.
June 2, 1977.
Rehearing Denied September 21, 1977.
Nat Gursten, North Miami, for petitioners.
Michael A. Reichman, of Franklin D. Kreutzer, Miami, for respondent.
SUNDBERG, Justice.
This cause is a petition for writ of certiorari to review an unreported order of the District Court of Appeal, Third District, Case No. 76-280 (Fla.3d DCA June 10, 1976) (order granting motion to dismiss), which is *171 alleged to be in conflict with Webster v. State, 235 So.2d 499 (Fla. 1970), Lowe v. State, 184 So.2d 164 (Fla. 1966), and Burlingham v. Allen, 295 So.2d 684 (Fla.1st DCA 1974), upon the issue of the sufficiency of the content of a notice of appeal. Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioners filed suit against respondent in circuit court seeking damages allegedly caused by respondent's fraudulent representations. Subsequently, respondent retaliated by filing suit against petitioners, seeking to foreclose a mortgage on certain personal property owned by and in possession of petitioners. Upon motion by respondent, the circuit court consolidated the two causes for trial, since each arose from the same set of facts and involved basically identical questions of law. At the culmination of the proceeding, the trial court rendered a final decree of foreclosure and a final judgment and directed verdict in favor of respondent and against Milar Galleries, Inc., et al. Petitioners timely filed a single notice of appeal seeking review of the two final judgments. The style of the notice of appeal properly specified case designations of the consolidated proceedings in the circuit court. However, the notice of appeal stated that: "Milar Galleries, Inc., plaintiffs in Case No. 75-5442 in the above styled cause, takes and enters its Appeal to the Third District Court of Appeal of Florida to review the Order, Judgment and Decree of the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida." Only the corporate appellant was specifically named in the notice of appeal. The term "et al." was included in the style but was omitted in the body of the notice. Respondent sought a dismissal of the appeal on the grounds that: (1) appellant only filed a single notice of appeal from two separate and distinct judgments, thereby resulting in prejudice to respondent as it became difficult to file a proper motion to quash the appeal, and (2) the notice of appeal was vague since the style of the notice of appeal included all the plaintiffs below, whereas the notice itself included only the corporate plaintiff. Respondent's motion to dismiss the appeal was filed subsequent to the entry of petitioners' assignments of error and brief which referred to the individual plaintiffs below as well as the corporation plaintiff. The District Court of Appeal, Third District, citing Borland v. South Patrick Utility Corporation, 122 So.2d 44 (Fla.2d DCA 1960), entered an order dismissing the appeal as to the second enumerated judgment and striking from the appeal all parties except the named corporate plaintiff. It is from this order that petitioners have requested this Court to exercise its discretionary review.
The purpose of a notice of appeal is to disclose to an adverse party and the reviewing court that an appeal from an appealable order, judgment or decree of the trial court is intended. Seaboard Air Line R.R. v. Holt, 80 So.2d 354 (Fla. 1955). As long as parties have received that notice and have not been prejudiced by any deficiencies or ambiguities in the notice of appeal, the dismissal of such an appeal is inconsistent with the concept of appellate review and with proper administration of justice. See Robbins v. Cipes, 181 So.2d 521 (Fla. 1966).
These sentiments were codified in Fla. App. Rule 3.2c. which states in part:
Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.
In accordance with the intent of this rule, we are unable to sustain the order of the District Court of Appeal, Third District.
Where two cases are consolidated for trial, and there are common issues of law and fact, as in the instant cause, a single notice of appeal describing separate judgments is sufficient unless the deficiency causes prejudice to the adversary. See Webster v. State, supra; Lowe v. State, supra. Here, respondent herself moved for consolidation on the ground that both causes involved identical questions of law. Further, *172 we are unable to accept respondent's contention that she was prejudiced by the deficiency in the notice. The notice of appeal states that petitioners seek to have reviewed "the Order, Judgment and Decree of the Circuit Court... ." Both the decree and the judgment are identified by full title, date of issuance, date of recording, and book and page number of recording.
Respondent finds solace in the holding of Borland v. South Patrick Utility Corporation, supra, which stated that "where two causes are consolidated for convenience at trial, one notice of appeal is insufficient to review two judgments." Id. at 45. Such solace is deluding. Borland was decided before the amendment to Rule 3.2c. As we stated in In Re Florida Appellate Rules, 211 So.2d 198, 201 (Fla. 1968):
Decisions, orders, judgments or decrees in civil actions and judgments or sentences in criminal actions rendered or entered after September 30, 1968 shall be governed by these rules which shall supersede all conflicting rules and statutes.
Thus, the instant cause is not controlled by Borland, which was decided in 1960.
Respondent alleges additionally that a notice of appeal naming only one party as appellant cannot give the court jurisdiction to hear the appeal on behalf of other parties. To hold otherwise would place an undue hardship on respondent, forcing her to speculate on the identities of the appealing parties. We gainsay this argument, for Fla.App. Rule 3.2c. does not contemplate that an inadvertent pretermission of the term "et al." in the body of the notice be considered a jurisdictional defect. The notice of appeal is sufficient if it identifies the appealing parties so that counsel and the court will not be misguided. State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967); Robbins v. Cipes, supra. In Robbins, this Court enunciated the procedure for determining if the defect mandates dismissal:
... in testing the sufficiency of the notice, the record itself should be examined. Where the examination of the notice of the appeal and other appellate documents such as assignments of error, briefs and other pertinent papers show that the parties have not been misled or prejudiced by any deficiencies or ambiguities in the notice itself, the dismissal of such an appeal would not only be contrary to prior precedents of this Court but inconsistent with the concept of our appellate procedures and the true administration of justice. Id. at 522.
In the instant case, the language of the notice of appeal should be read to include all the plaintiffs. The body of that appellate document referred to "Plaintiffs in Case No. 75-5442... ." Further, the assignments of error and brief of appellants properly identified all petitioners as appellants in the district court. Because a reading of the notice of appeal together with the assignments of error and brief would dictate the conclusion that all the parties to the initial action were prosecuting an appeal, we are unable to find how respondent was prejudiced, and she has been unable to demonstrate such unfairness. See Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972).
Accordingly, the writ of certiorari is granted, the order of the District Court of Appeal, Third District, is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.