ON MOTION TO DISMISS
PER CURIAM.
This is a motion to dismiss an appeal taken from the dismissal of a derivative claim brought by Beverly Stein, in a representative capacity on behalf of a corporation, in count IV of the complaint filed below. Another derivative claim was also brought in count I of the complaint by Beverly Stein on behalf of the same corporation. In counts II and III of the complaint, Beverly Stein filed individual claims. The trial court dismissed with prejudice count IV of the complaint and a notice of appeal was thereafter filed. Subsequent to the filing of the notice of appeal, the trial court also dismissed the claim in count I, but without prejudice to Beverly Stein’s refiling the claim as an individual claim only. No appeal has been taken from the dismissal of the derivative claim in count I. *1073 The individual claims of Beverly Stein still remain pending below.
The defendants J. Jerry Schecter, et ah, have filed a motion to dismiss the appeal taken herein on three grounds: (1) the order of dismissal is not a final judgment but is an interlocutory nonfinal order which is not properly appealable under Fla.R.App.P. 9.130(a); (2) the sole appeal is taken by Beverly Stein individually rather than derivatively and consequently the party is in no way affected or aggrieved by the order under review; and (3) the notice of appeal contains incorrect rendition dates for the order under review. We reject these contentions and deny the motion to dismiss.
First, when Beverly Stein filed her notice of appeal seeking review of the dismissal of her derivative claim in count IV of the complaint, the order under review was not a final order because another derivative claim of hers was pending in count I of the complaint. As stated above, the trial court, however, subsequent to the filing of the notice of appeal, dismissed the derivative portion of the claim in count I without prejudice to Beverly Stein’s refiling that count as an individual claim. We therefore treat the notice of appeal as being prematurely filed from a final order which became effective on the date the trial court dismissed the derivative claim in count I of the complaint. See Williams v. State, 324 So.2d 74, 79 (Fla.1975).
Second, we conclude that a scrivener’s error was made with reference to the notice of appeal filed herein. The notice of appeal states that the appeal is being taken by Beverly Stein individually. The order under review affects only Beverly Stein derivatively. Based on the authority of Milar Galleries v. Miller, 349 So.2d 170, 171 (Fla.1977), we conclude that this was a technical error and that Beverly Stein is entitled to amend the notice of appeal so as to indicate that the appeal is being taken in her representative, rather than individual, capacity. We discern no prejudice to the appellees in correcting this scrivener’s error and reject the contention that the jurisdiction of this court has not been properly invoked as to Beverly Stein derivatively.
Third, we have no problem in concluding that the incorrect dates cited in the body of the notice of appeal do not amount to a substantial defect requiring dismissal of the appeal. The notice of appeal accurately describes the order under review and the mistakes as to the dates on which this order was rendered are of no consequence. Milar Galleries v. Miller, supra at 171.
Motion to dismiss denied.