## STATE OF FLORIDA v ROGERS
### Case No. 65145 CE
County Court, Hillsborough County
October 21, 1988

### APPEARANCES OF COUNSEL

**Donald J. Masten,** Assistant State Attorney, for plaintiff.
**William R. Mumbauer,** for defendant.

### OPINION OF THE COURT

JAMES V. DOMINGUEZ, County Judge.

*OPINION AND ORDER ON MOTION TO SUPPRESS VIDEO TAPE*

THIS CAUSE came on for hearing upon the Defendant's Motion to Suppress Video Tape, and the Court having heard the evidence and argument of counsel and being otherwise fully advised, the following opinion and order is entered:

## STATEMENT OF FACTS

At 5:00 a.m., on July 26, 1988, Trooper Stverak, Florida Highway Patrol, observed the Defendant driving in a suspicious manner. After being stopped, the Defendant's behavior indicated to Trooper Stverak that the Defendant might be impaired due to alcohol. The Defendant was requested to perform certain field sobriety tests. Based upon Trooper Stverak's training, and her observations of how the Defendant performed these tests, the Defendant was arrested. The Defendant was taken to Central Breath Testing and asked to perform the same sobriety tests on video tape. The Defendant was read to, from the printed instructions, by Trooper Stverak. (See Exhibit A attached).[1] The Defendant submitted to the field test and breathalyzer test.

The Defendant filed a Motion to Supress the Video Tape, alleging that his being advised that the field sobriety test on video tape was compulsory, was incorrect, and therefore the video tape should be suppressed. The Court suppressed only the portion containing the field sobriety test.

## OPINION

In the Court's opinion, the issue to be determined is: are the post-sobriety tests compulsory under Florida law?

The State aptly points out that there is no case law in this area. More importantly, there is no statutory authority requiring that a Defendant submit to physical sobriety tests. Since these physical tests are not compulsory, advising a Defendant that these tests are compulsory is erroneous, misleading, and a complete misstatement of the state of the law.

It is obvious that having defendants perform field sobriety tests, on video tape, would be very helpful in future prosecutions. Interestingly, however, the State often elects not to introduce the tape at trial, thus it must be assumed that the video tape is not crucial to the prosecution of this type of case.

This Court ruled that the field sobriety test portion of the video tape is to be excluded. There is no question that the portion of the video tape containing the chemical breath test portion is still admissible. Therefore, if a defendant refused to take this test, his refusal will be seen by the Jury.

Due to the complete lack of case law in this area, this Court was

---

[1] The footnote is noted by the editor inasmuch as Exhibit A referred to above is not attached to nor made a part of this decision.

guided by the specific statutes in question, Florida Statutes 316.193 and 316.1932. Florida's implied consent statute 316.1932 sets out in great detail the procedure to be followed in this area. The exact circumstances when a chemical breath test may be requested are innumerated. Further, the consequences for refusing to take the test are clearly stated. Also stated are the remedies a defendant may avail himself of should he feel his refusal was justified.

The Legislature went to great pains to pass a statute which covers the implementation of a compulsory test. All the perimeters of the requirements before a test can be requested, as well as the penalties for refusal, and the avenues of contesting the refusal are contained for everyone to see.

The State cites a number of cases which deal with pre-arrest sobriety tests, as well as cases involving refusal to submit to breath tests. These cases are presented to argue by analogy. This Court is not swayed by these analogies. Pre-arrest field tests are not at issue. Breath tests are, again, controlled by statutory language. Based on the total absence of any statutory language making these tests compulsory, the Court finds the tests are not compulsory.

Further, this Court finds that the tests are scientific in nature. The officers are given training in the administration and evaluation of the tests. They are trained in what to look for, and based on the data they gather, form an opinion as to impairment. True, while they are not the traditional tests one would associate with the word scientific, i.e., chemical analysis, instruments or machines, the test are still in the realm of scientific tests. Accordingly, it is hereby

ORDERED AND ADJUDGED that the portion of the video tape of the field sobriety test is excluded from the trial in this matter. All other relevant matters contained on the video tape shall be admitted.

DONE AND ORDERED in Chambers, at Tampa, Hillsborough County, Florida, this 21st day of October, 1988.

## ORDER

THIS COURT has for its consideration the Appellee's Motion to Dismiss Appeal. The Motion contends that the Order to be reviewed was rendered on October 21, 1988 and the Notice of Appeal was filed by Appellant on November 10, 1988, or more than *15* days from the date of the rendition of the Order. The Court has carefully reviewed the Motion and the record on appeal.[1] This review reveals a complete lack of understanding by the Appellant as to the time requirement and contents of a Notice of Appeal and the jurisdictional scope of this Court to review the Order at issue.[2]

Although the Appellant's original Notice of Appeal was in fact untimely filed within the 15 day time requirement of Florida Rule of Appellate Procedure 9.140(c)(2), it was timely filed albeit fortuitously, within the thirty day time requirement to invoke the certiorari jurisdiction of this Court pursuant to Florida Rule of Appellate Procedure 9.100(c).[3] Thus the Court treats the Notice of Appeal as a Petition for Writ of Certiorari pursuant to Florida Rule of Appellate Procedure 9.040(c) and *Johnson v Citizen's Bank,* 14 FLW 2 (Fla. January 5, 1989). In that regard the Court finds, based on a consideration of the present state of the record, that the Appellant has demonstrated a preliminary basis for relief necessitating the issuance of an Order to Show Cause to the Appellee pursuant to Florida Rule of Appellate Procedure 9.100(f).

Therefore, it is ORDERED AND ADJUDGED as follows:

---

[1] Given the clear state of the record and the law the Court does not require a response from the Appellant or oral argument.

[2] First, the original Notice of Appeal was filed on November 10, 1988 (R.28) directed to an Order of the Trial Court rendered September 28, 1988. No such Order exists in the record. Second, an Amended Notice of Appeal was filed on December 21, 1988 (R.50) directed to the Order at issue but invoked the jurisdiction of the Second District Court of Appeal. Finally, it is the certiorari and not the appellate jurisdiction of this Court which must be invoked to review the Order at issue. *State v Townsend,* 479 So.2d 306 (Fla. 2d DCA 1985) and *State v Gemignani,* 14 FLW 1177 (Fla. 2d DCA, May 12, 1989).

[3] Although the original Notice incorrectly stated that it was directed to a non-existent Order of September 28, 1988, the Court finds that this misdescription did not adversely effect the substantial rights of the Appellee. Indeed, the Appellee knew full well which Order was at issue as reflected in his Motion to Dismiss. Thus the Court, in the interests of justice, hereby amends the original Notice of Appeal to reflect the correct Order to be reviewed and rendition date of said Order so that this proceeding can be disposed of on the merits. See Florida Rule of Appellate Procedure 9.040(d). See also *Milar Galleries v Miller,* 349 So.2d 170 (Fla. 1977) and *Stein v Schecter,* 478 So.2d 1072 (Fla. 3d DCA 1985).

1. The Appellee's Motion to Dismiss be and the same is hereby denied.[4]

2. The Appellant's Notice of Appeal is treated as a Petition for Writ of Certiorari.

3. The Appellee shall file an appropriate response in accordance with Florida Rule of Appellate Procedure 9.100(h) on or before August 11, 1989.

4. The Appellant shall file an appropriate reply, if it so desires, on or before August 21, 1989.

5. On or before August 23, 1989, the Clerk of this Court shall transmit the Court file in this case to the Court for further review and consideration. At that time the Court will either resolve this matter on the merits or set the matter for oral argument.

6. The parties are hereby notified that absent good cause the time requirements set forth above shall be strictly adhered to.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 18th day of July, 1989.

---

## OPINION

On July 18, 1989 this Court entered an Order denying the Respondent's Motion to Dismiss Appeal and treated the Petitioner's Notice of Appeal as a Petition for Writ of Certiorari. The Order further provided a time schedule for the Respondent to file his Response and the Petitioner to file an appropriate Reply, if it so desired.[1]

The Court has now had occasion to review the record in this case, the Petitioner's Brief, the Respondent's Response[2] and the applicable law. Based on this review the Court is of the opinion that oral argument is not necessary and, accordingly, dispenses with the require-

---

[4] Although it may appear that this Court was an "advocate" for the Appellant, such is not the case. The Court has a duty imposed by law to review a cause even though a party has mischaracterized the form of Appellate review it seeks. *Johnson, supra.* However, this does not mean that a party, including the State of Florida, has a license to engage in sloppy appellate work. When a party fails to pursue the appropriate appellate remedy it causes this Court to expend valuable time in terms of having to review the record and the law to determine if the party is in fact entitled to some form of appropriate review.

[1] No reply was filed by the Petitioner within the time schedule set by the Court.

[2] The Court compliments Respondent's attorney on his excellent Response. It is obvious that he spent much time and research in the preparation of the Response.

ment of oral argument pursuant to Florida Rule of Appellate Procedure 9.320.

The issue for resolution is whether the Trial Court deviated from the essential requirements of the law by determining that post arrest field sobriety tests are not compulsory under Florida law such that its Order excluding at trial that portion of the videotape depicting the Respondent's performance of certain field sobriety tests constituted a violation of a clearly established principle of law resulting in a miscarriage of justice. *State v Pettis,* 520 So.2d 250 (Fla. 1988) and *Combs v State,* 436 So.2d 93 (Fla. 1987). The Court finds such a departure from the essential requirements of the law.

The Court begins its analysis of this issue with the observation that, under Florida law, the results of chemical tests for intoxication and the results of field sobriety tests are treated the same in terms of their impact on statutory and constitutional rights. *Duval Motor Company v Woodard,2rf 419 So.2d 303 (Fla. 1983) and State v Edwards,* 463 So.2d 551 (Fla. 5th DCA 1985). Accord, *State v Townsend,* 479 So.2d 306 (Fla. 2d DCA 1985) and *State v Gemignani,* 14 FLW 1177 (Fla. 2d DCA, May 12, 1989).

Given that basic premise the Court finds that *Schmerber v California,* 86 S.Ct. 1826 (1966) controls the disposition of this case. In *South Dakota v Neville,* 103 S.Ct. 916 (1983), the United States Supreme Court reiterated the basic holding of *Schmerber* to the effect that:

> *Schmerber,* then, clearly allows a State to *force* a person suspected to driving while intoxicated to submit to a blood-alcohol test. 103 S. Ct. 920 (Emphasis supplied) Of course, permeating the ruling of *Schmerber* that such a test may be compelled is the requirement of probable cause.[3]

It logically follows that if a State can force a person to submit to a chemical test for intoxication there is no impediment to a State forcing an individual to submit to field sobriety tests, assuming the existence of probable cause. Indeed, the Court in *State v Liefert,* 247 So.2d 18 (Fla. 2d DCA 1971) so held when it ruled that if a law enforcement officer has probable cause to believe an individual has operated a motor vehicle while under the influence of alcoholic beverages, the officer can require that individual to take part in physical sobriety tests. Accord, *Macias v State,* 515 So.2d 206 (Fla. 1987).

Therefore, the Court concludes that, assuming the existence of

---

[3] The Respondent has in no way disputed the existence of probable cause in this case.

probable cause, post arrest field sobriety tests can be compelled under the law of Florida[4] and the Trial Court's order which is to the contrary deviates from the essential requirements of the law to the extent it has resulted in a miscarriage of justice by suppressing at trial admissible evidence.[5]

Accordingly, for the reasons expressed, the Petitioner's Petition for Writ of Certiorari is granted, the Order of the Trial Court under review is quashed, and this case is hereby remanded to the Trial Court for further proceedings consistent with this Opinion. In that regard the Clerk of this Court is hereby directed to issue its Mandate forthwith to the Trial Court as provided by law.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 14th day of August, 1989.

---

[4] The Trial Court's decision was based in great part on the fact that the Florida Legislature has not seen fit to provide statutorily under what circumstances field sobriety tests can be administered even though it has enacted extensive legislation relative to the administration of the chemical breath tests. The mere fact that the Legislature has not seen fit to address the area of the compulsory nature of field sobriety tests does not necessarily mean that the tests are not compulsory under the law. The judiciary of this country is constantly formulating principles of law that bind, guide and govern society which are not based on enactments of the legislative branch. This Court is unaware of any legal doctrine that states that because the legislative branch has not said it is the law, it is not the law.

[5] The Court declines to reach the issue argued by the Respondent that he was not properly advised of the compulsory nature of the field sobriety tests. The Trial Court never addressed that issue in the Order under review and instead based its entire ruling on the sole issue of whether a post arrest field sobriety test is compulsory under Florida law. Thus, this Court makes no finding as to whether the Respondent was or was not properly advised of the compulsory nature of the field sobriety tests.