## STATE OF FLORIDA v HOLCOMB

### Case No. (Citation No.) 031341-RX

County Court, Hillsborough County

March 8, 1990

#### APPEARANCES OF COUNSEL

**Joseph Regestrado, Esquire,** Assistant State Attorney, for plaintiff.
**William R. Mumbauer, Esquire,** for defendant.

#### OPINION OF THE COURT

EDGAR A. HINSON, County Judge.

### *OPINION AND ORDER ON MOTION TO SUPPRESS VIDEOTAPE*

THIS CAUSE came on for hearing upon the Defendant's Motion to

Suppress Video tape and the Court having heard the evidence and argument of counsel and being otherwise fully advised, the following opinion and order is entered:

## STATEMENT OF FACTS

At 9:30 p.m., on November 28, 1989, Officer M.J. Smith, Tampa Police Department, observed the Defendant driving a 1977 Ford stationwagon without its headlights operating. After being stopped, the Defendant's behavior indicated to Officer Smith that the Defendant might be impaired due to the consumption of alcohol. The Defendant was requested to perform certain field sobriety tests. Based on Officer Smith's training, and his observations of how the Defendant performed these tests, the Defendant was arrested and charged with Driving Under the Influence. The Defendant was taken to Central Breath Testing and asked to perform the same sobriety tests which were to be recorded on videotape. The Defendant was advised by Officer Smith that should he refuse to perform the tests, his refusal may be used against him in a Court of law. Whereupon the Defendant submitted to the sobriety tests which were recorded on videotape and which are now the subject of the Defendant's Motion to Suppress.

## OPINION

The Defendant concedes the compulsory nature of the tests. *State v Rogers,* 36 Fla. Supp. 2d 81 (Hillsborough County Ct. 1989).* However, the Defendant argues that the manner in which he was advised of the consequences for refusing to perform the sobriety tests did not adequately place him on notice that the tests were, in fact, compulsory. And as such, his consent to perform the sobriety tests cannot be found to be freely and voluntarily given.

The Defendant relies on *Herring v State,* 501 So.2d 19 (Fla. 3d DCA 1986) for the proposition that an accused must be advised that the tests are compulsory, before his refusal to perform the tests can be later used against him in Court. In *Herring,* the Defendant had been arrested for murder and was asked to submit to a compulsory test for gunshot residue. The Defendant was not told that his refusal to submit to the test would carry any adverse consequences or anything about the nature of the test, nor was he told the test was compulsory. The Court held under any of these three (3) circumstances, the refusal to submit to the test should be suppressed.

First, it would be unfair and not probative of "consciousness of guilt" to use the refusal against the Defendant because he was given no "substantial motivation" for submitting to the test.

**221**

Secondly, if the Defendant was not told anything about the nature of the test, a refusal to submit "is so entirely ambiguous as to be totally lacking in probative value." 501 So.2d at 21.

And finally, the *Herring* Court held that it would be unfair to the Defendant to allow evidence of his refusal if he was never told the test was compulsory. 501 So.2d at 21. *Editor's Note: State v Rogers,* 36 Fla. Supp.2d 81 (Hillsborough County Ct. 1989) includes the appeal of this decision to the Thirteenth Judicial Circuit Court in and for Hillsborough County, Honorable Richard A. Lazzara, presiding circuit judge.

The Defendant in the instant case concedes points one (1) and two (2) above. Certainly the arresting officer's instructions effectively informed him that his refusal would not be a "safe harbor" as contemplated in *Herring*. Additionally, the Defendant was made reasonably aware of the nature of the tests through his previous experiences at the roadside. Clearly, the first two reasons cited in *Herring* for suppression of refusal evidence are inapplicable to the instant case.

However, the Defendant argues that the third reason cited in *Herring* requiring suppression of refusal evidence is present in the instant case as the Defendant was never told the tests were compulsory. In *Herring,* the Court said:

"The failure to communicate to Herring that the test was compulsory carried with it, we think the implicit suggestion that the test was permissive and that he thus had a right to refuse. Consequently, even if the refusal had some arguable probative value, its admission would be unfair where the police may have led the Defendant to believe that he had a right to refuse." 501 So.2d at 21.

However, it is the opinion of this Court that the Defendant's literal reliance on the ruling in *Herring* is misplaced. The Defendant would have this court rule the police can only comply with *Herring* by uttering the "magic" word "compulsory" or its equivalent. This the Court cannot do. Further, it is the opinion of this Court that the compulsory nature of the sobriety tests were made implicit in this case by the warning given the Defendant that his refusal to perform the tests could later be used against him in a Court of law. Finally, this Court finds that the Defendant was not misled by the instructions he received and therefore his submission to the sobriety tests was voluntary.

Based upon the foregoing, the Defendant's Motion to Suppress Videotape is denied.

DONE AND ORDERED in Chambers, in Tampa, Hillsborough County, Florida this 8th day of March, 1990.