61 So.2d 484 (1952)
CRAWFORD
v.
McGRAW et al.
Supreme Court of Florida, Division B.
November 21, 1952.
*485 J.T.G. Crawford (of Crawford & May), Jacksonville, for appellant.
Marks, Gray, Yates & Conroy, Jacksonville, for appellees.
DREW, Justice.
J.T.G. Crawford, as Executor of the last will and testament of Minnie M. Conroy, filed a petition for declaratory decree against Nell L. McGraw and The Barnett National Bank of Jacksonville for the purpose of securing a judicial determination of the legal status of a bank account standing in the name of Mrs. F.P. Conroy or Nell L. McGraw, payable to either or the survivor. (Mrs. F.P. Conroy and Minnie M. Conroy were one and the same person), The two defendants below (appellees here) answered and a stipulation was entered into between the parties as follows:
"Stipulation
"In lieu of testimony in this cause, the petitioner and the respondent Nell L. McGraw, by their undersigned attorneys, hereby stipulate and agree that the cause be submitted to the court on the following statement of facts and the answer of the respondent The Barnett National Bank of Jacksonville.
"(Herein the petitioner will be referred to as `executor', Mrs. Conroy as `decedent', the respondent Nell L. McGraw as `respondent' and The Barnett National Bank of Jacksonville as `bank'.)
"1. For upwards of six years prior to her death on August 3, 1951, the decedent was in poor physical health but was mentally alert and kept herself informed of her business affairs. Her last illness extended over a period of only five days.
"2. During all the period from the month of April, 1945 until her death, the decedent made her home with the respondent in respondent's apartment. Because of her physical feebleness decedent seldom left the apartment.
"3. The decedent had both a checking account and a savings account in The Barnett National Bank throughout said period. Deposits were made monthly of rents received by decedent. Respondent made all the deposits, and under a power of attorney from decedent signed all checks for withdrawals.
"4. No withdrawals from either account were ever made except by direction of the decedent and no funds were ever withdrawn for the use of the respondent.
"5. About a month prior to July 17, 1951, the decedent directed respondent to go to the bank and change the savings account from her name to herself and respondent jointly, stating her purpose to be that at her death she wanted the account to belong to respondent.
"6. In accordance with said direction, respondent went to the bank and opened a savings account with the balance in the old account and a deposit then made.
"7. Respondent explained to a bank official that the new account was to be in such form that the fund would pass to the survivor upon the death of either.

*486 "8. That a signature card was then handed respondent by said bank official which she took to her apartment where the decedent and respondent signed it in the presence of a subscribing witness. The card was then returned to the bank.
"9. The pass book had been stamped `Payable to either or the survivor' when delivered to respondent.
"10. Respondent customarily handed said savings account pass book to decedent when she returned from the bank and said books (for decedent's sole account prior to opening the joint account and the joint account book thereafter) were kept in the apartment, accessible to both decedent and respondent.
"11. All moneys deposited in said savings were the funds of the decedent.
"12. That the photostats of said savings account pass book and signature card attached and made parts of the petition herein, and the photostat of the bank's ledger sheet attached hereto, are true copies of the originals.

 Payable to Either or the Survivor
 No. A40999
 Name Mrs. F.P. Conroy
--------------------------------------------------------------------
 or Nell L. McGraw
 Address 1520 Copeland Street
--------------------------------------------------------------------
 Signature
--------------------------------------------------------------------
 Signature
--------------------------------------------------------------------
 Date Withdrawal Deposit Interest Balance
--------------------------------------------------------------------
 51 Jul 17 5,496.46
--------------------------------------------------------------------
 51 Jul 17 1,171.92 6,668.38*
--------------------------------------------------------------------
 51 Jul 17 305.61 6,362.77*
--------------------------------------------------------------------
 51 Aug 2 573.53 6,936.30*
--------------------------------------------------------------------
 See No. 89195
 for int
--------------------------------------------------------------------
 Barnett National Bank"

So that the whole picture may be clearly understood, we think it pertinent to set out verbatim the savings account pass book and signature card referred to in paragraph 12 of the stipulation. They are as follows:

 "Mrs. F.P. Conroy
 No. A40999 or Nell L. McGraw
 The Barnett National Bank
Payable to either of Jacksonville Payable to either
or the survivor Jacksonville, Florida or the survivor
 It is agreed that this account is opened subject to the
 Rules and Regulations contained herein.
----------------------------------------------------------------------------
 Date Withdrawals Deposits Balance
----------------------------------------------------------------------------
Jul 17 1951 L 5496.46 5496.46
----------------------------------------------------------------------------
Jul 17 1951 L 1171.92 6668.38
----------------------------------------------------------------------------
Jul 17 1951 L 305.61 6362.77
----------------------------------------------------------------------------
Aug 2 1951 R 573.52 6936.30
----------------------------------------------------------------------------
============================================================================

*487
 Savings Department
 The Barnett National Bank
 Jacksonville, Florida
 "Front
 Joint Account
 Date July 13 - 51 Sav. Account No. A*40999
To the Barnett National Bank of Jacksonville, Florida:
You are hereby authorized to receive for deposit and credit to the above-styled savings account any and all deposits made in the names of either or both of the undersigned, and payment upon the check or receipt of either or the survivor shall discharge you from liability. Each of the undersigned appoints the other as attorney in fact with power to deposit in the above-styled account funds of the other or both of the undersigned, and for that purpose to indorse any check, draft, or other instrument payable to the other or both of the undersigned. The undersigned hereby agree to your rules and regulations governing savings accounts as set forth in the pass book furnished upon the opening of this account and to such other rules and regulations as you may prescribe.
 -------------------------------------------------------------
 Signature / Mrs. F.P. Conroy 
 Signature / Nell L. McGraw 
 Witness Hilda E. Winton 
 Address Apt. 7 - 1520 Copeland 
 Date ________________________________________________
 Reverse
 First Deposit $ 6668.38 
 Introduced by Called 
 Other Bank Accounts Two from $89195 
 References __________________________________________________________
 Former Residence Nationality Wts 
 _______________________________
 Remarks Known to Bank 
 Acct. Accepted by L "
Under the facts agreed to in the foregoing stipulation and by virtue of the instruments consisting of the pass book, the signature card and the bank's ledger sheet, was a joint estate with the right of survivorship created in the monies on deposit in said account?
The lower court held that under the facts herein related, a joint estate with the right of survivorship was created and that the monies remaining in said account at the time of the death of Minnie M. Conroy were not a part of her estate. The decree further directed the appellee Bank to pay said amount to the appellee Nell L. McGraw.
This Court, in the cases of Cerny v. Cerny, 152 Fla. 333, 11 So.2d 777; Crabtree v. Garcia, Fla., 43 So.2d 466, and Hagerty v. Hagerty, Fla., 52 So.2d 432, has held that the opening of a joint bank account with the intention of creating a right of survivorship is a means of creating a right joint estate in personal property. See also Lynch v. Murray, 5 Cir., 139 F.2d 649. The real question here is whether, in view of Section 689.15, F.S.A., the means employed, namely the various instruments referred to in the stipulation and copied here, meet the requirement of the statute that the "instrument" creating the estate expressly provides for a right of survivorship.
*488 In Crabtree v. Garcia, supra, [43 So.2d 466], the "depository agreement" therein referred to was exactly the same as the "signature card" referred to in this record, except that in the Garcia case the words "payable to either or the survivor" were added. In the Garcia case, supra, both the pass book and the bank ledger contain the language "payable to either or the survivor" and in both the Garcia case and this case it was undisputed that the intention of the deceased and the co-depositor was to establish a joint account with the right of survivorship. All of the instruments were a part of the same transaction and must be construed together. When that is done, there is no particular significance to the omission of the words "payable to either or the survivor" from the signature card. The admitted facts in the stipulation and the instruments herein referred to satisfy us that a joint estate with the right of survivorship was created. We hold that the language of Mr. Justice Terrell in the Garcia case, supra, viz.: "We think, however, that the depository agreement, the savings bank book and the ledger sheet established a contract whereby the survivor, Doris B. Garcia, is entitled to ownership of the joint account on the death of her mother. It also shows that it was the intention of the parties to create a survivorship in the manner provided by Section 689.15, F.S.A." (Emphasis supplied), is controlling in this case and that the lower court was without error.
Affirmed.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.