HOBSON, Justice.
Appellant was tried on two separate in-formations: (1) #6075, which charged him with possession of obscene literature for purposes of sale, and (2) #6076, which charged him with sale of obscene literature. He was convicted and sentenced under each information. On motion of the State, appellant was required to elect the case he desired to appeal, under the principle we announced in Rocklin v. State, Fla., 61 So.2d 484. On July 24, 1954 he filed notice that he elected case #6075 as the one from which this appeal should stand.
Appellant first contends that it was error to admit in evidence the obscene literature obtained as the result of an unreasonable “search”. The record, however, shows an unmistakable case of consent, in that the appellant freely admitted his automobile contained obscene literature, and he himself opened the trunk to disclose it.
The next contention is that a confession was obtained from appellant by putting him in fear. This is not supported by the record, which shows that the officer merely tapped appellant on the shoulder, exhibited his badge, and said, “I want to talk to you,” whereupon appellant urinated in his trousers and “started shaking awfully”. Although appellant was apparently in fear, it was not the fear of a reasonably prudent man in the circumstances. Stated differently, it was not the reaction of a reasonable man to so mild an approach. Declarations against interest which were thereafter made 'by appellant were entirely voluntary, by any objective standard.
*834 Appellant further contends that it was error to admit evidence of a sale of obscene literature to the witness Takacs when appellant was informed against for the sale of literature to one Kindt. The court instructed the jury that this testimony was to be considered only for its hearing upon “the question of intent or the purpose for which the defendant had in his possession these things * * * ” For its hearing on the purpose for which appellant had the literature in his possession in Case #6075 (possession for purposes of sale) this evidence was patently unobjectionable, and Case #6075 is the only one before us, by appellant’s own election.
Other points are raised, but we have considered them and find them to be without merit on this record.
Affirmed.
MATHEWS, C. J., and TERRELL and SEBRING, JJ., concur.