ERVIN, Justice.
The decision of the District Court of Appeal, Third District, in the case of Charles Lowe, Alice Johnson, 'Willie Davis, Mary Jane Wells and Fannie Mae Mack, Appellants, v. The State of Florida, Appellee, appearing in Lowe et al. v. State, 180 So.2d 383 (Fla.App.3rd), has been certified to us as one presenting a quéstion of great public interest.
The parties are agreed as to the facts of the case, which agreement comports with the record. As stated in the Petitioners’ brief, each of the petitioners was charged by information filed by the County Solicitor of Monroe County, Florida,
“ * * * with the single crime of grand larceny, and alleging the taking of the same property.
“The County Solicitor moved at the time of trial for a consolidation, which motion was granted. The jury returned its verdict of guilty against all five respondents separately. Judgments and sentences were entered, which said judgments and sentences are not numbered.
“The respondents [defendants] then filed a single motion for new trial, which motion was denied. Thereafter the respondents filed a single motion for insolvency, which motion was granted. A single notice of appeal was filed on November 20, 1964, single directions to the clerk and a single assignment of error.”
The District Court of Appeal sua sponte entered its said decision appearing in 180 So.2d 383. The opinion therein reads in part:
“ * * * that they [the five defendants] have instituted proceedings in this court by filing of one notice of appeal directed to judgments and sentences entered in said causes by the trial court, it is apparent that the notice of appeal is deficient and cannot bring on for review several judgments and sentences. See: Rocklin v. State, Fla. 1952, 61 So.2d 484; Carroll v. State, Fla.App. 1964, 171 So.2d 196; Wilcox v. State, Fla.App.1965, 171 So.2d 425.”
*166 In its certification the District Court stated that its decision
“ ‘ * * * passes upon a question of great public interest’, because it determines the validity, of one notice of appeal attempting to review judgments of conviction in five (5) separate cases against five (S) individuals, which were consolidated for trial.”
The charges against the five defendants were consolidated for trial on motion of the County Solicitor, inasmuch as the defendants were charged with single larceny of the same property. For all intents and purposes consolidation thereof on the State’s motion converted the charges into a single prosecution of the defendants in one case for the same crime. It is true separate verdicts and judgments were entered as to each defendant; nevertheless, looking through form to substance the five cases or charges against the five defendants as they were actually processed through the trial amounted to a single case involving multiple defendants with identical results. The facts were the same as to all defendants, there being no variation therein as to the joint prosecution or joint defense, and in the appeal the errors assigned by the defendants were the same. Under these circumstances, we see nothing in Rule 6.4, Florida Appellate Rules, 31 F.S.A., reading in part:
“An appeal may be taken only by filing with the clerk of the lower court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, * * * ”
mitigating against a single appeal by the five defendants from the identical judgments against each entered in the single trial.
It has been stated several times “ * * * statutes giving the right of appeal should be liberally construed in furtherance of justice.” See Price et al. v. Horton, 1918, 76 Fla. 537, 80 So. 305, and City of Pinellas Park v. Cross-State Utilities Co., Fla., 176 So.2d 384.
In Robbins v. Cipes, Fla.1966, 181 So.2d 521, we recently said:
“ * * * Deficiencies or ambiguities in the notice of appeal may be waived by the conduct of opposing party. Moreover, in testing the sufficiency of the notice, the record itself should be examined. Where the examination of the notice of the appeal and other appellate documents such as assignments of error, briefs and other pertinent papers show that the parties have not been misled or prejudiced by any deficiencies or ambiguities in the notice itself, the dismissal of such an appeal would not only be contrary to prior precedents of this Court but inconsistent with the concept of our appellate procedures and the true administration of justice. * * * ”
In The Greyhound Corporation v. Carswell, Fla. 181 So.2d 638, opinion filed January 5, 1966, we said:
“Seaboard Air Line R. Co. v. Holt, supra [Fla.1955, 80 So.2d 354], decided in 1955, laid down one test for the sufficiency of a notice of appeal: a notice which gives to the adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty is sufficient to withstand a motion to dismiss. * * * ”
In the Greyhound case we conclude our opinion in these words:
“ * * * Nevertheless, it would unduly prejudice the constitutionally guaranteed right of appeal to penalize a party by depriving him of that appeal when the technical violation of the rules does not result in demonstrable prejudice to the other party.”
The cases cited by the District Court of Appeal are distinguishable from the sitúa *167 tion in the instant case. In Rocklin v. State, supra, informations were filed against Rocklin on several separate charges of robbery. As to six of the separate charges, Rocklin pled not guilty. He was tried in each of the six cases and found guilty and six separate judgments of conviction were entered against him. Rocklin filed one notice of appeal from the six judgments of conviction. The Supreme Court ordered dismissal of all save one (to be selected by the appellant) of the cases from the appeal because of improper join-der. In Carroll v. State and Wilcox v. State, supra, the holdings were essentially the same as described in the Rocklin case.
The instant case is different from said cases relied upon by the District Court for its dismissal. Here, multiple defendants were tried for the same offense at a consolidated trial where the issues and facts were identical. One appeal suffices under the particular circumstances appearing in this case. In the Rocklin case there were separate trials of six distinct and separate cases with differing facts in each.
It is apparent the District Court of Appeal in certifying this case to us considered it possible a different result might be reached in this review. That court deemed it appropriate to follow the apparent rationale of the Rocklin case, subject to a certification to us so that we would have opportunity to determine if a distinction exists between that case and the instant case.
The petition for certiorari is granted and the decision of the District Court of Appeal is quashed with directions to reinstate the appeal of the five appellants and review the same.
It is so ordered.
THORNAL, C. J., O’CONNELL and CALDWELL, JJ., and WARREN, Circuit Judge, concur.