LILES, Judge.
Appellant, defendant below, brings appeal from five judgments and sentences entered pursuant to a jury verdict. The cases have been consolidated for our consideration.
Five informations were filed against defendant charging him with five different offenses of obtaining money or property in return for worthless checks in violation of § 832.05, Fla.Stats, F.S.A. Defendant was tried for all five offenses in a single jury trial where he was represented by private counsel. The jury found defendant guilty as charged in each information.
On December 16, 1965, defendant was adjudged guilty and sentenced to five years imprisonment for each crime, sentences to run concurrently. On March 11, 1966, some 85 days after judgment and sentence had been entered, defendant, pro se, filed a single notice of appeal directed to all five judgments. This is case number 7038 in this Court.
It has long been the law in Florida that separate notices of appeal are necessary to review separate judgments. Simring v. State, 77 So.2d 833 (Fla.1955); Rocklin v. State, 61 So.2d 484 (Fla.1952); Wilcox v. State, 171 So.2d 425 (D.C.A.Fla.1965); and Carroll v. State, 171 So.2d 196 (D.C.A.Fla.1964). Defendant’s notice of appeal filed in case number 7038 attempts to appeal all five judgments in a single notice and is therefore defective.
Apparently realizing his mistake in case number 7038, defendant then prepared separate notices of appeal for each judgment. An order entered by the trial court on May 26, 1966 states:
“This cause came on to be heard, sua sponte, on a review of the records reflecting that certain Notices of Appeal had not been filed herein; and it appearing that the defendant delivered to the Clerk of this Court five separate Notices of Appeal which were received by the Clerk of this Court on the 16th day of March, 1966; and it further appearing that on said date the defendant had not been declared insolvent nor submitted the required filing fee for the filing of said Notices of Appeal; and said Notices of Appeal having been marked ‘received¡ but not filed, as of the 16th day of March 1966; and it further appearing that thereafter, upon a proper Affidavit of Insolvency this Court entered an Order of Insolvency on the 26th day of April, 1966, but that the aforesaid Notices of Appeal, through inadvertence, were not filed pursuant to said Order of Insolvency on said date and the Court being otherwise fully advised in the premises,
“It is Ordered and Adjudged that the Clerk of this Court be, and he is hereby, directed to file the aforesaid Notices of Appeal, unfiled as aforesaid, nunc pro *708 tunc as of April 26, 1966.” [Emphasis added.]
Rule 6.4, Fla. Appellate Rules, 31 F.S.A., provides in part:
“An appeal may be taken only by filing with the clerk of the lower court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, and if the appeal be taken by a defendant, by depositing a filing fee in the amount prescribed by law * * * unless the appellant is adjudged insolvent prior to the time of such filing * * [Emphasis added.]
It appears that while defendant delivered his notices of appeal on March 16, 1966, 90 days after entry of the judgments, they were not filed until April 26, 1966. This is so because defendant apparently did not tender the appropriate filing fee on March 16, 1966, and he was not adjudicated insolvent until April 26, 1966. As a matter of fact, the record contains an order entered by the trial court dated March 29, 1966 finding that defendant was not insolvent at that time.
Since the notices were not filed until April 26, 1966, they are untimely as they were filed more than 90 days from the entry of the judgments and sentences sought to be appealed. Cf. Clark v. State, Fla.App., 191 So.2d 870 filed November 4, 1966.
In view of the foregoing discussion, cases numbered 7038, 7183, 7184, 7185, 7186 and 7187 are hereby dismissed sua sponte.
ALLEN, C. J., and SHANNON, J., concur.