ON MOTION TO DISMISS
SPECTOR, Judge.
The State has filed its motion to dismiss this direct appeal on the ground that the court is without jurisdiction.
Appellant suffered three judgments of conviction on charges of escape, larceny of an automobile, and breaking and entering with intent to commit a misdemeanor. Although there were three separate cases and three separate judgments on three separate verdicts, only one notice of appeal was filed. The three separate informations were consolidated for trial.
The notice of appeal seeks “ * * * to review the judgment and sentence of the Circuit Court of Leon County bearing the date of January 11, 1968, and entered in Case No. 5272, No. 5273, and No. 5275 on the 11th day of January, 1968, and all parties of said cause are called upon to take notice of this appeal.”
In support of its contention that the court has no jurisdiction to further review these judgments, the State recites the ruling heretofore made by our courts to the effect that a notice of appeal can be effective to appeal from one case only, *629 though appellant may he seeking review of several convictions. 2 Fla.Jur., Appeal Section 109. We think the controlling rule is as stated by the appellee. It was so held by our Supreme Court in Rocklin v. State, 61 So.2d 484, and reiterated in Simring v. State, 77 So.2d 833. More recently, the District Court of Appeal, Second District, in Carroll v. State, 171 So.2d 196, adhered to the cited ruling holding that where an appellant sought review of two final orders denying two separate petitions for postcon-viction relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix, the court could on its own motion require appellant to amend his notice of appeal by eliminating one of the judgments so that the amended notice of appeal addressed itself to one judgment only. See also Wilcox v. State, 171 So.2d 425 (Fla.App. 3d 1965); and Woolley v. State, 193 So.2d 706 (Fla.App.2d 1966); both also adhering to the Rocklin rule.
Appellant argues that the rule in the Rocklin case was modified by the Supreme Court’s holding in Lowe v. State, 184 So.2d 164, decided March 9, 1966. In Lowe, the court held that a single notice of appeal filed by six defendants who were tried and convicted for the same offense at a consolidated trial was sufficient to give the appellate court jurisdiction to review the convictions of all of the defendants. We cannot agree with appellant. In the Lowe case, the court itself distinguished that case from Rocklin and similar cases by observing that in Rocklin there were separate charges with separate issues and facts whereas in Lowe the issues and facts were the same, the multiple defendants being tried for the same offense. That the court distinguished- Lowe from Rocklin and like cases is ample indication that it did not intend to overrule Rocklin and the rule of law pronounced therein.
A further argument is advanced by the appellant in support of the sufficiency of the notice of appeal in the case at bar. The court’s attention is directed to the following amendment of Florida Appellate Rule 3.2, subd. c 32 F.S.A. effective April 1, 1966 [shortly after the decision in Lowe v. State, supra]:
“Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.”
Appellant asserts that the above cited amendment to the rule operates to cure any defects in the notice of appeal herein and that therefore we do have jurisdiction to review all three of the convictions sustained by appellant. We do not comprehend the cited rule to have the force and effect ascribed to it by appellant. The rule contemplates the existence of a valid and subsisting notice of appeal as to which deficiencies in form and substance shall not be jurisdictional and, therefore, not grounds for dismissal. Here there is only one notice of appeal, not three. Had three notices of appeal been filed by appellant, one as to each separate judgment of conviction, deficiencies in form or substance which might have appeared in any of such three notices of appeal would have been alleviated by operation of Florida Appellate Rule 3.2, subd. c as amended. As it stands now, however, only one notice of appeal having been filed, defects in form and substance appearing on its face, such as failure to set forth the book and page number in which any of the judgments appealed are recorded, are the types of deficiencies that we think are contemplated by the rule.
As was permitted in Rocklin and the other cases cited above, appellant is hereby permitted to elect within thirty days which of the several judgments of conviction he wishes to proceed with and is ordered to eliminate the other two judgments so that the remaining one may be considered in accordance with the Florida Appellate Rules.
The Court being of the view that the decision herein concerns a question of great *630 public interest and one which has not been considered by the Supreme Court so far as we have been able to ascertain since the amendment to Florida Appellate Rule 3.2, subd. c upon which appellant so heavily relies, we hereby certify this decision to the Supreme Court in the event appellant should seek to review same by filing a petition for a writ of certiorari as permitted under Article V of the Florida Constitution, F.S.A.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.