WIGGINTON, Chief Judge
(concurring specially).
I am in agreement with the majority opinion which holds that the deposit with the clerk of the filing fee is not a jurisdictional prerequsite to the taking of an appeal guaranteed by the constitution of this state, and that the timely filing of a notice of appeal without the simultaneous deposit of the filing fee is sufficient to vest jurisdiction in the appellate court.
The appeal involved in this case from the Municipal Court of Gainesville to the Circuit Court of Alachua County is controlled by Rule 6.4, Florida Appellate Rules relating to criminal appeals. This rule provides:
“An appeal may be taken only by filing with the clerk of the lower court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, and if the appeal be taken by a defendant, by depositing a filing fee in the amount prescribed by law * * * with the clerk of the lower court unless the appellant is adjudged insolvent prior to the time of such filing; * * * ”
In the case sub judice a proper notice of appeal was timely filed by petitioner in the Municipal Court of Gainesville. The appellant had not been adjudged insolvent, nor was his notice of appeal accompanied by a deposit of the necessary filing fee prescribed by law.
It is a settled principle of law that the timely filing of a proper notice of appeal is a necessary prerequisite to vest an appellate court with jurisdiction under the rules effective in this state.[1] The underlying reason supporting this principle is that the successful party has a fundamental right to the - prompt enforcement of the judgment, and has a personal right to insist that if enforcement of the judgment is to be suspended pending an appeal, that the appeal be commenced within the time required by law. However, jurisdiction vested in the appellate court by the timely filing of a notice of appeal should not be nullified merely because the appellant fails to deposit within the time limited for taking the appeal the necessary filing fee prescribed by the statute relating thereto. Failure of appellant to so deposit the filing fee in no manner affects the rights of the appellee, nor does it prejudice his position in the case. Deposit of the fee as required by the rule is a matter of concern only to the court charged with the statutory duty of collecting it, and has no bearing upon the merits of the judgment sought to be reviewed.
Rule 3.2, Florida Appellate Rules, prescribing the method by which appellate proceedings may be commenced by the filing of a notice of appeal and depositing the filing fee prescribed by law is essentially similar in all material respects to the above quoted Rule 6.4, relating to the taking of criminal appeals. Because of this, decisions construing the rule relating to the commencement of appeals in civil actions are equally applicable to the rule relating to the taking of appeals in criminal actions.
As alluded to by the majority opinion, the precise question involved herein was considered by this court in the civil case of State v. Murphree.[2] In that case the appellant timely filed with the County Judge’s Court of Alachua County a proper notice of appeal, but because of a lack of understanding on the part of the clerk as to the amount of filing fee required, the fee was not deposited within the time limited for taking the appeal. A motion to dismiss the appeal for failure to deposit the filing fee *648 within the time limited for taking the appeal was denied by the circuit court in the exercise of its appellate jurisdiction. If the depositing of the filing fee within the time limited for taking the appeal was a necessary prerequisite to vesting jurisdiction of the appeal in the circuit court, then the court would have been required to dismiss the appeal and its failure to do so would have been reversible error. If on the other hand the depositing of the filing fee at the time of filing the notice of appeal was a procedural requirement only, and was not a necessary prerequisite to vesting appellate jurisdiction in the circuit court, then under the facts disclosed by the record the court properly exercised its discretion in denying the motion to dismiss and permitting the appeal to progress despite the late deposit of the filing fee.
The circuit court’s denial of the motion to dismiss the appeal was affirmed by this court in a decision which clearly held that the deposit of the fee was not a jurisdictional prerequisite to vesting jurisdiction in the circuit court under the statutes and rules of appellate procedure, but that if the proper filing fee is thereafter deposited after the time for commencing the appeal has expired, the appellate court in the exercise of its discretion may refuse to dismiss the appeal. In that case this court said:
“The present rules of appellate procedure are of recent adoption. The former rules, like those now in effect, required payment of a filing fee, but it was set out in a rule that was disconnected with and had no relation to the statute and conforming rules of procedure that simply limit the time for commencement of appeals, which was accomplished by filing the notice of appeal. Time of performance of that act has always been jurisdictional and no discretion whatever is vested in the courts to extend it.
“The situation under the present rules is different. For some unexplainable reason, doubtless by inadvertence, the present rules lump the provisions concerning the filing fee in the same rule that requires a notice of appeal to be filed within the statutory period allowed for appeal.
“The legislature has the unquestioned right to fix the time for appeals. Such laws are in no sense rules of procedure. They have all of the attributes of statutes of limitation governing the commencement of actions, with the additive that the bar to appeal reaches to the jurisdiction of the appellate tribunal and is absolute rather than one which may be waived. The statute rather than the rule governs, and lack of compliance within the time limited vests in the adverse party a fundamental right personal in character. The statute is satisfied when there is brought to the attention of the adverse party, directly or constructively, the fact that within the time allowed an appeal has been commenced, and the vehicle for this purpose is the notice of appeal duly filed.
“Failure to pay the filing fee affects only the public agency or official that is benefited thereby, and in no wise prejudices the adversary. It is primarily on that basis that we hold the learned Circuit Judge properly exercised his discretionary power in this case.”
If a proper notice of appeal is timely filed, this action by the appellant should be sufficient to vest jurisdiction of the appeal in the appellate court. If the appellant fails or refuses to deposit the filing fee as required by the rule upon demand therefor by the clerk of the appellate court, the action may be subject to a stay of proceedings or dismissal for failure to comply with the rule. This is not a jurisdictional but a procedural matter which should be handled in the same manner as any other default in complying with the rules of appellate procedure, and may subject the offending party to such penalty as may be *649 imposed by the court in the exercise of a sound discretion.
It is my view that the Clark[3] and Woolley [4] decisions relied on by appellee in support of the judgment of dismissal constitute a strained interpretation of the rule which is not justified in a system of judicial administration which gives paramount importance to the disposition of causes on the merits rather than upon housekeeping requirements unrelated to the fundamental rights of the parties. The constitutionally guaranteed right of appeal should not be denied merely because of the technical violation of a procedural rule which does not result in demonstrable prejudice to the other party.

. Gray v. State, (Fla.App.1966) 184 So.2d 222; State ex rel. Ervin v. Smith, (Fla.1964) 160 So.2d 518.

. State ex rel. Moore v. Murphree, (Fla.App.1958) 106 So.2d 430.

. Clark v. State, (Fla.App.1966) 191 So.2d 870.

. Woolley v. State, (Fla.App.1967) 193 So.2d 706.