ROBERTS, Justice.
We here review on direct conflict certi-orari an order of the District Court of Appeal, Third District, entered in Hollimon et al. v. State, Fla.App.1969 (order filed March 14, 1969) requiring the appellants, petitioners here, to elect one of the four judgments covered by a single Notice of Appeal upon which they desire *395 to proceed for review. Because of conflicts among the decisions of this court and the appellate courts respecting the question of whether more than one judgment may be brought to an appellate court by and reviewed under a single notice of appeal, we issued the writ.
The facts here are that petitioners, Hol-limon and Williams, were jointly informed against in two informations for two separate offenses of grand larceny, and the petitioner Williams was charged with two additional offenses in two other informa-tions. All charges related to identical crimes (obtaining money by falsely claim-a greatly reduced price, and then disappearing to have four television sets for sale at ing with the money without producing the television sets), the only difference being that the “mark” or victim was different in each case. Although the cases were not technically consolidated for trial (the motion of the State for consolidation having been denied), they were tried one after the other by the trial judge without a jury, with the testimony of the victims in each case showing an identical course of conduct on the part of the petitioners.
The record is replete with references to the trials as one consolidated trial: The witness list furnished by the State in the several cases is substantially identical; the sentences on each charge were contained in a single order; the testimony submitted in support of a request for mitigation of sentences (totalling seven years for the petitioner Hollimon and nine years for the petitioner Williams) was heard and denied by the trial judge with the ruling “Motion to mitigate is denied”. The trial judge also responded to an oral motion for new trial directed to all the cases with the ruling, “Motion for new trial is denied”. A single motion purporting to cover all four of the cases (and apparently accepted as proper by the State, since no objection was made) was filed by counsel for the defendants in the following instances: Motion to extend time for filing written motion for new trial; motion for defendants to be admitted to bail; stipulation for withdrawal and substitution of counsel; motion to return defendants to Dade County; written motion for new trial; and, finally, a single notice of appeal under the four case numbers. It was not until after the State had entered its appearance in the District Court of Appeal by means of a stipulation for extension of time in which to file its brief — and more than nine months after the notice of appeal had been filed — that the State belatedly filed its motion to dismiss all except one of the causes on appeal.
In Rocklin v. State, Fla.1952, 61 So.2d 484, this court sua sponte dismissed all except one, to be selected by the appellant, of the appeals from several separate judgments entered in separate trials against the appellant and covered by a single notice of appeal, with the terse comment, “One notice of appeal can only be effective to appeal one case.” Since then, we have decided Lowe v. State, Fla.1966, 184 So.2d 164, and have held that a single notice of appeal is adequate to bring for review five separate judgments against as many defendants where the charges against them were the same and the causes were consolidated for trial. We quoted from Robbins v. Cipes, Fla.1966, 181 So.2d 521, and Greyhound Corporation v. Carswell, Fla.1966, 181 So.2d 638, to the effect that a notice is sufficient if it gives the appellate court and the adverse party information adequate to identify in the record the judgment intended to be appealed; and we pointed out that it would “unduly prejudice the constitutionally guaranteed right of appeal to penalize a party by depriving him of that appeal when the technical violation of the rules does not result in demonstrable prejudice to the other party,” quoting Greyhound Corporation case, supra, 181 So.2d at page 641.
And in Strickland v. Muir, Fla.App.2d 1965, 173 So.2d 461, the appellate court held that a single notice of appeal was adequate to review separate judgments in favor of three plaintiffs, where the plain *396 tiffs’ separate causes of action against the defendants were consolidated for trial and the three separate judgments in their favor, respectively, were incorporated in a single instrument. Finding that no prejudice or inconvenience to the defendant was caused by the form of the judgment or by the use of a single notice of appeal, the court held that it was sufficient to give the court jurisdiction to review all of the causes, citing Stewart v. Codrington, 1908, SS Fla. 327, 45 So. 809. The Stewart case stands for the proposition that the filing of a single notice of appeal from two separate judgments is not jurisdictional but is an irregularity that can be waived.
But in Wilcox and Hanks v. State, Fla.App.3d 1965, 171 So.2d 425; Woolley v. State, Fla.App.2d 1966, 193 So.2d 706, and Bass v. State, Fla.App.1st 1968, 215 So.2d 628, the rule of the Rocklin case rather than that of the Lowe case was followed, even though it appears that the separate charges against the one defendant in the Woolley and Bass cases and against the joint defendants in the Wilcox and Hanks case were consolidated for trial and, presumably, no prejudice or inconvenience to the State would result from the single notice of appeal. In the Woolley case the court premised its decision on the flat statement that “It has long been the law in Florida that separate notices of appeal are necessary to review separate judgments,” citing the Rocklin case and others decided under the authority thereof. This statement is in direct conflict with the decisions in the Lowe case and others referred to above.
Moreover, we have recently (in 1966) adopted an amendment to Florida Appellate Rule 3.2 subd. c, 32 F.S.A. by adding the following paragraph:—
“Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.”
And we think that the question of the sufficiency of a single notice of appeal from judgments entered in cases that were consolidated for trial by order of the court or, as in the case sub judice, were for all practical purposes consolidated, should be reconsidered in the light of the amendment to Rule 3.2, subd. c, supra, and the decisions referred to above holding that the factors to be considered in determining the sufficiency of a notice of appeal are (1) whether it gives the opposing party information sufficient to identify in the record the judgment or judgments appealed from, and (2) whether any prejudice or inconvenience is caused to the opposing party by the deficiencies in question.
Here, as in State ex rel. Poe v. Allen, Fla. 1967, 196 So.2d 745, in which an appeal from an order denying a motion for new trial — concededly an unappealable order— was held to be sufficient to give the appellate court jurisdiction to review a final judgment, it is clear that the earlier decisions in Rocklin and similar cases dismissing appeals solely on a technicality
“ * * * omit consideration of the above principles and do not by rationale negative the clear provision of the current appellate rules that such defects shall not defeat appellate jurisdiction in the absence of actual prejudice.” 196 So.2d at page 746.
Upon reconsideration of the matter in the light of the appellate rule and the principles announced in the recent decisions referred to above, we hereby recede from the rule announced in the Rocklin case, supra, 61 So.2d 484, and adhere to that of the Lowe case, supra, 184 So.2d 164, and hold that a single notice of appeal will, in a proper case, be sufficient to confer jurisdiction upon an appellate court to review more than one judgment covered by such notice of appeal.
In the circumstances shown by this record, there can be no doubt that the notice of appeal directed to all four of the judgments for which review was sought was *397 entirely adequate to advise the State of the judgments from which the appeal was taken. The four cases were throughout the trial, for the purpose of the various motions referred to above, treated as one consolidated trial without objection by the State; and there is nothing in the record to indicate — and no contention is made— that the State was prejudiced by the failure to file four separate notices of appeal directed to each separate judgment.
Accordingly, the order here reviewed is quashed, with directions to entertain all four appeals upon compliance with the applicable rules for perfecting such appeals, treating them as if they had been formally consolidated.
It is so ordered.
ERVIN, C. J., and DREW, ADKINS and BOYD, JJ., concur.