ERVIN, Chief Justice.
We have for review an order of the District Court of Appeal, Fourth District, granting a motion to compel Petitioner to elect which of two judgments he desired to appeal to that court. The facts underlying the present controversy appear as follows:
Petitioner was charged with two counts under one information, both counts relating to the same statute, F.S. Section 398.03, F.S.A. Count One charged Petitioner with the “unlawful possession of a narcotic drug; to-wit, Demerol.” Count Two charged Petitioner with the “unlawful sale of a narcotic drug; to-wit, Demerol.”
After a single trial the jury returned two separate verdicts finding Petitioner guilty on both counts. Subsequently, on *500 December 20, 1968, the trial court entered a judgment adjudicating Petitioner guilty on the charge contained in Count One and a five-year sentence was thereupon imposed. On the same date, the trial court entered a separate judgment adjudicating Petitioner guilty of the charge set forth in Count Two and Petitioner was thereupon sentenced to five years, said sentence to run concurrently with the one imposed in relation to Count One. Thereafter a single motion for new trial was filed and an order of denial entered thereon.
On December 20, 1968, Petitioner filed a single notice of appeal
“ * * * to review the order, judgment or decree of the Circuit Court of the Nineteenth Judicial Circuit of Florida, in and for Indian River County, bearing date of December 20, 1968, and rendered and recorded in Circuit Court Minute Book 12, page 26, on December 20, 1968.”
In connection with his notice of appeal, Petitioner also filed single assignments of error and directions for one transcript of the trial record to the clerk. Thereafter, the State filed a motion in the District Court for entry of an order requiring Petitioner to elect which one of the two judgments he wished to proceed with on his appeal. On October IS, 1969, the District Court entered an order granting the State’s motion, citing as authority Woolley v. State, Fla.App.1966, 193 So.2d 706; Rocklin v. State, Fla.1952, 61 So.2d 484, and Bass v. State, Fla.App.1968, 215 So.2d 628.
The issue for our consideration can be stated as follows:
Where a criminal defendant in a single trial is tried on a two-count information charging unlawful sale and possession of a narcotic drug, and where separate verdicts of guilty are returned on each count and separate judgments entered thereon, will one notice of appeal suffice to confer jurisdiction to review both judgments of conviction?
In Rocklin v. State, supra, this Court refused to permit a single notice of appeal to operate effectively to appeal more than one of several judgments against the appellant, based on separate charges and secured at separate trials. In support of its position, the Rocklin court determined “[One] notice of appeal can only be effective to appeal one case.” Subsequently, however, this Court in Lowe v. State, Fla.1966, 184 So.2d 164, held a single notice of appeal will suffice to bring for review multiple judgments under circumstances where multiple defendants were tried for the same offense at a consolidated trial and where the issues and facts were identical.
The negative resolution in the instant case of the above-framed question by the District Court on the authority therein cited, particularly Rocklin v. State, supra, appears to collide with our decision in Lowe v. State, supra. Accordingly, we issued the writ pursuant to our jurisdictional authority. Article V, Section 4, Florida Constitution, F.S.A., and Rule 4.5, subd. c(6). Florida Appellate Rules, 32 F.S.A. Moreover, our recent pronouncement in Hollimon and Williams v. State, 232 So.2d 394, opinion filed February 25, 1970, expressly receding from the rationale of the Rocklin case and adhering to our decision in Lowe, appears to establish the presence of a direct conflict necessary to vest this Court with jurisdiction herein.
Our decision in Hollimon, supra, aptly traces the emergence of the rationale of the Lowe case and perforce notes the demise of the rationale of Rocklin, supra. This discussion need not be repeated herein. However, in order properly to identify the fundamental principles applied in the Lowe and Hollimon cases, we advert to and acknowledge Mr. Justice Drew’s reasoning in the case of Greyhound Corporation v. Carswell, Fla.1966, 181 So.2d 638, as follows:
“ * * * it would unduly prejudice the constitutionally guaranteed right of ap *501 peal to penalize a party by depriving him of that appeal when the technical violation of the rules does not result in demonstrable prejudice to the other party.” (At 641. Emphasis supplied.)
Although this Court in the Greyhound case was not concerned with the adequacy of a single notice of appeal in bringing for review multiple judgments, our subsequent decisions in Lowe and, particularly, in Hollimon the latter having the concurrence of Mr. Justice Drew, have crystallized “demonstrable prejudice” as the applicable test for revolving controversies of this nature. Under these decisions, it is now axiomatic that a single notice of appeal can suffice, in a proper case, to review multiple judgments. Moreover, where multiple judgments as products of a single trial are brought forward for review under single assignments of error addressed to claimed errors in one transcript of the trial record, it seems likewise clear the filing of a single notice of appeal may constitute a noniurisdictionaf irregularity which can be resolved giving consideration to the amendatory language contained in Florida Appellate Rule 3.2c.[1]
In the present case, as in both Lowe [2] and Hollimon,[3] we have a situation where multiple judgments of conviction were entered upon the completion of a single trial. Two of the judgments held to be preserved by the single notice of appeal in Hollimon were entered against the same defendant pursuant to two informa-tions charging different but similar crimes. Similarly, the two final judgments claimed to be preserved for review by the single notice of appeal in the instant case were entered pursuant to jury verdicts reached in a single trial finding Petitioner (the sole defendant) guilty of two counts contained in a single information each count charging offensive conduct punishable under the same statute. Thus, in the present case, just as in Lowe and Hollimon, if not more so, we have a situation where the transactionable bases of the various offenses and judgments entered thereon were sufficiently similar or identical to accommodate a single trial. Under such circumstances, absent demonstrable and substantial prejudice to the State, the rule applied in Lowe and Hollimon does not ju-risdictionally require, at the price of forfeiture, the filing of separate notices of appeal directed to the several judgments.
Therefore, because of the demonstrated absence of compelling circumstances which would reasonably be viewed as generating prejudice to the State as a party to the appeal, the notice of appeal here in question is sufficient to confer jurisdiction to review both judgments of conviction entered against this Petitioner.
Accordingly, the order of the District Court here reviewed is quashed and the cause remanded to that court with directions to entertain appellate proceedings appropriate for reviewing both judgments of conviction entered against this Petitioner.
It is so ordered.
ROBERTS, THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.
*502 DREW, J., concurring specially with Opinion.

. In 1966, this Court added the following paragraph to Florida Appellate Rule 3.2, subd. c.
“Deficienees in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.”

. In Lowe v. State, supra, the charges contained in multiple informations were consolidated in a single trial.

. In Hollimon v. State, supra, although the charges contained in the informations were not technically consolidated for trial, this Court found the procedural course utilized in trying the various charges rendered the same consolidated for all practical purposes.